Byron E. Ma (Bar No. 299706)
BUCHE AND ASSOCIATES, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Tel: (310) 593-4193
Fax: (858) 430-2426
bma@buchelaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVANTOR INDUSTRY CO., LTD. AND NINGBO LEEDOR INDUSTRY, CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN JORDA TRADING CO., LTD., DBA ELEVENS, PEX FIX, ET AL., SHENZHEN 703 AKA SHENZHEN QILINGSAN NETWORK TECHNOLOGY CO., LTD., NEUTYPE, AND MIRUO MIRROR, INC. <br><br> Defendants | Case No.: 2:22-cv-04844-DOC-JPR <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST, SECOND, AND THIRD CAUSES OF ACTION OF PLAINTIFFS' FIFTH AMENDED COMPLAINT** <br><br> Hearing Date: November 6, 2023 <br> Time: 8:30 AM <br> Courtroom: 10A <br> Judge: Hon. David O. Carter <br><br> Complaint Filed: July 14, 2022 |

## TABLE OF CONTENTS
I. INTRODUCTION .................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................ 1

III. LEGAL STANDARD ............................................................................................. 4

    A. Federal Rules of Civil Procedure 12(b)(6) ...................................................... 4

IV. ARGUMENT ........................................................................................................... 4

    A. Alvantor's Third Claim for Trade Dress Should Be Dismissed For Failure to Plead How Each Element is Nonfunctional ............................................................................................................. 4

    B. Alvantor's First and Second Claims Should be Dismissed with Prejudice Because They Rely on Alvantor's Insufficiently Pled Trade Dress Claim ................................................................................ 7

    C. Plaintiffs Should Not Be Permitted Leave to Amend ..................................... 10

V. CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of Beverly Hills,*
    911 F.2d 367 (9th Cir. 1990) ................................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................4

*Benavidez v. County of San Diego*,
    993 F.3d 1134 (9th Cir. 2021) ................................................................................4

*Benebone LLC v. Pet Qwerks, Inc.*,
    No. 8:20-cv-00850-AB (AFMx); 2020 WL 8732321 (C.D. Cal. Sep. 3, 2020)........7

*Century 21 Real Estate Corp. v. Sandlin*,
    846 F.2d 1175 (9th Cir. 1988) ..............................................................................10

*Cleary v. News Corp.*,
    30 F.3d 1255 (9th Cir. 1194) ................................................................................10

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
    251 F.3d 1252 (9th Cir. 2001) ................................................................................5

*Deckers Outdoor Corporation v. Fortune Dynamic, Inc.*,
    No. cv 15-769 PSG (SSx), 2015 WL 12731929 (C.D. Cal. 2015) ..............5, 7, 8, 11

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ................................................................................13

*Ferrero S.p.A v. Imex Leader Inc.*,
    No. 8:17-cv-02152-DOC-KESx, 2018 WL 11346538 (C.D. Cal. May 8, 2018) ......5

*Foman v. Davis*,
    371 U.S. 178 (1962) ..............................................................................................12

*Globefill Inc. v. Elements Spirits, Inc.*,
    473 Fed.Appx. 685 (9th Cir. 2012) .........................................................................9

*Green Crush LLC v. Paradise Splash I, Inc.*,
    No. SACV 17-01856-CJC(JDEx); 2018 WL 4940824 (C.D. Cal. Mar. 8, 2018) ..........6, 10, 11

*JS LED Technology Corp. v. Zhang*,
    No.: CV 14-02250-RGK (PJWx), 2014 WL 12561075 (C.D. Cal. Aug. 7, 2014).....9

*Kelltoy Worldwide, Inc. v. Hugfun International, Inc., et al.*,
    No. CV-19-07652-MWF (MAAx), 2019 WL 8064073 (C.D. Cal. Dec. 4, 2019) ..............7, 11

*Kittel v. City of Oxnard*,
   No. CV 17-6709-MWF (GJSx), 2018 WL 6004522 (C.D. Cal. Jul. 9, 2018) .......................... 13

*Mophie, Inc. v. Shah*,
   No. SA CV 13-01321 DMG (JEMx), 2014 WL 10988339 (C.D. Cal. Jul. 24, 2014) ............... 6

*Mosaic Brands, Inc. v. Ridge Wallet LLC*,
   No. 2:20-cv-04556-AB (JCx), 2021 WL 922074 (C.D. Cal. Jan. 7, 2021) ............................... 5

*Mosaic Brands, Inc. v. Ridge Wallet LLC*,
   No. 2:20-cv-04556-AB (JCx), 2020 WL 6821013 (C.D. Cal. Oct. 29, 2020) ......................... 13

*Puma SE v. Forever 21, Inc.*,
   No. CV 17-2523 PSG Ex, 2017 WL 4771004 (C.D. Cal. Jun. 29, 2017) ................................. 6

*R and A Synergy LLC v. Spanx, Inc.*,
   No. 2:17-cv-09147-SVW-AS, 2019 WL 4390564 (C.D. Cal. May 1, 2019) ........................... 6

*Swift Harvest USA, LLC v. Boley International HK Ltd. et al.*,
   No. ED CV 19-1700-DMG (GJSx), 2020 WL 7380148 (Sep. 22, 2020) ........................... 7, 11

*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*,
   No. SA CV 15-0246 DOC (DFMx), 2016 WL 6138416 (C.D. Cal. May 6, 2016) ................ 5, 8

*TSX Toys, Inc. v. 665, Inc.*,
   No. ED CV 14-02400-RGK (DRBx), 2015 WL 12791406 (C.D. Cal. Apr. 24, 2015) .. 9, 10, 11

*Virgin Scent Inc. v. Bel Air Natruals Care Corp., et al.*,
   No. CV 17-08284-AB (RAOx), 2018 WL 5264145 (C.D. Cal. Feb. 8, 201) ........................... 6

*Westlands Water Dist. V. Firebaugh Canal*,
   10 F.3d 667 (9th Cir. 1993) ................................................................................................... 12

**Statutes**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendants Shenzhen Jorda Trading Co., Ltd. dba Elevens, PexFix; Shenzhen 703 aka Shenzhen Qilingsan Network Technology Co., Ltd.; Neutype; and, Miruo Mirror, Inc. (collectively "Defendants") hereby move to dismiss Plaintiffs Alvantor Industry Co., Ltd. ("Alvantor") and Ningbo Leedor Industry Co., Ltd.'s ("Leedor") (collectively "Plaintiffs") First, Second, and Third causes of action of the Fifth Amended Complaint ("5<sup>th</sup>AC").  Plaintiffs failed to sufficiently plead claims for: (i) federal unfair competition under 15 U.S.C. § 1125(a); (ii) common law unfair competition and Cal. Bus. & Prof. Code. §§ 17200 and 17203; and, (iii) trade dress infringement under 18 U.S.C. § 1125(a).

First, Alvantor's third claim for trade dress infringement should be dismissed with prejudice because it does not allege how its trade dress is non-functional.

Second, Plaintiffs' amended its first and second claims to be dependent on use of Alvantor's trade dress.  ECF No. 68, ¶¶38-39, 46-47.  Accordingly, Plaintiffs' first claim for false designation of origin and second claim for state unfair competition should be dismissed because it has not pled a sufficient trade dress claim.

Plaintiffs' first, second, and third causes of action should be dismissed with prejudice because Plaintiffs have had numerous opportunities to cure deficiencies and plead a sufficient claim for trade dress infringement; however, Plaintiffs failed to do so in its initial complaint and in five subsequent amended complaints, despite being informed of these deficiencies on numerous occasions.  *See* ECF No. 31-1, 19; ECF No. 40-1, 18; ECF No. 63-1, 19-21.

**II.     FACTUAL BACKGROUND**

On July 14, 2022, Alvantor filed an initial Complaint against Defendants for (1) federal unfair competition under 15 U.S.C. § 1125(a); (2) common law unfair competition and Cal. Bus. & Prof. Code. §§ 17200 & 17203; (3) trade dress infringement under 18 U.S.C. § 1125(a); and (4) copyright infringement.  After a meet and confer regarding the Complaint's deficiencies, Alvantor filed a First Amended Complaint on October 17, 2022, which was also deficient. Alvantor then filed a Second Amended Complaint ("SAC") on November 28, 2022.  Still, Alvantor's SAC did not

sufficiently assert claims one, two, and three pursuant to Fed. R. Civ. P. 12(b)(6).  On January 26, 2023, Defendants filed a motion to dismiss the first, second, and third causes of action of the SAC and to dismiss certain defendants.  ECF No. 31.  Instead of opposing Defendants' motion to dismiss, on April 11, 2023, Alvantor filed a Third Amended Complaint ("TAC"); however, Alvantor did not amend the first, second, or third claims to sufficiently plead those claims.

On April 25, 2023 Defendants filed a motion to dismiss the first, second, and third claims of Alvantor's TAC for failing to assert sufficient claims.  ECF No. 40.  However, after opposing Defendants' motion to dismiss, Alvantor filed a motion for leave to file a Fourth Amended Complaint ("4th AC") to amend its claims, add an additional cause of action, and to add Ningbo Leedor Industry, Co., Ltd. as an additional plaintiff.  ECF No. 58.  On July 24, 2023, this Court granted Alvantor leave to file the 4th AC (ECF No. 61), which Plaintiffs filed on July 28, 2023.  ECF No. 62.  On August 7, 2023, Defendants filed a motion to dismiss, the first, second, third, and fifth causes of action.  ECF No. 63.  Regarding the trade dress claim, Defendants challenged the sufficiency of the claim based on two theories: (1) failure to identify the elements of the trade dress and (2) failure to plead how the trade dress is non-functional.  ECF No. 63-1, 17-21.

On September 7, 2023, this Court issued an order granting in part Defendants' motion to dismiss.  ECF No. 67.  Plaintiffs' third claim for trade dress infringement was dismissed without prejudice because Plaintiffs did "not adequately describe the elements of their trade dress."  ECF No. 67, 6.  Given that the purported trade dress was not sufficiently identified, which supported dismissal, the Court did not address the Defendants' theory and arguments regarding Plaintiffs' failure to sufficiently plead how the trade dress is non-functional.  The Court also dismissed with prejudice "Plaintiffs' Lanham Act claims to the extent that Plaintiffs allege that the Defendants copied Plaintiffs' copyrighted materials."  ECF No. 67, 8.  Plaintiffs amended the trade dress claim to remove non-limiting qualifier language to sufficiently describe the elements of their trade dress.  However, Plaintiff did not amend the trade dress claim to plead how the purported trade dress is non-functional.  Specifically, Alvantor's third claim for trade dress infringement asserts:

> 53. "Trade Dress" refers to the total image of a product, including such non-functional features as size, shape, color, texture.  Defendants make, import, distribute, use, offer to

2

> sell and/or sell in the United States, including this district, tent products that directly infringe Alvantor's Trade Dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Federal Unfair Competition laws.
>
> 54. Alvantor has actively marketed, promoted, and continuously sold tent products bearing certain trade dress elements, such that they have acquired secondary meaning within the relevant market. The trade dress elements-at-issue (as described below and shown in FIGS. 1-4 below) are as follows: [List of elements] . . .

ECF No. 68 at ¶¶53-54.

Plaintiffs also amended the first claim to be a claim for false designation of origin under the Lanham Act and to be predicated on use of Alvantor's trade dress. Plaintiffs' first claim for unfair competition under 15 U.S.C. §1125(a) alleges:

> 38. . . . Alvantor extensively used its trade dress elements (as identified and discussed in Paragraph 54 and FIGS. 1-4 below) to identify its goods and to distinguish it from the goods and services provided by others . . .
>
> 39. Upon information and belief, Defendants have copied the Alvantor trade dress elements . . .

ECF No. 68 at ¶¶38-39.

Plaintiffs also amended the second claim to be predicated on use of Alvantor's trade dress. Plaintiffs' second claim for common law unfair competition and Cal. Bus. Prof. Code §§17200 and 17203 alleges:

> 46. As discussed in Paragraph 54 and illustrated in FIGS. 1-4 below, Defendants adopt and use Alvantor's distinctively [sic] trade dress elements in Defendants' products. . .
>
> 47. Upon information and belief, Defendants intentionally misappropriated Alvantor's trade dress elements and the goodwill associated therewith by using Alvantor's trade dress elements . . .

ECF No. 68 at ¶¶46-47.

## III. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 12(b)(6)

This Court has authority to dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual allegations are not required, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Id*. Accordingly, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss," meaning a motion to dismiss should be granted in those cases. *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (*citing Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)).

## IV. ARGUMENT

Among other claims, Plaintiffs assert: (i) federal unfair competition under 15 U.S.C. § 1125(a); (ii) common law unfair competition and Cal. Bus. & Prof. Code. §§ 17200 and 17203; and, (iii) trade dress infringement under 15 U.S.C. § 1125(a). Alvantor's claim for trade dress infringement should be dismissed with prejudice because it has failed to sufficiently plead how the elements of its trade dress are non-functional. Furthermore, Alvantor's first and second claims should be dismissed with prejudice because they are predicated on its insufficiently pled trade dress claim.

### A. Alvantor's Third Claim for Trade Dress Should Be Dismissed For Failure to Plead How Each Element is Nonfunctional

"To state a claim for trade dress infringement, a plaintiff must allege facts showing that '*(1) the trade dress is nonfunctional*, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products.'" *Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 2:20-cv-04556-AB (JCx), 2021 WL 922074, at *3 (C.D. Cal.

4

1  Jan. 7, 2021) (citations omitted) (emphasis added).  "[T]o state a claim for infringement of an
2  unregistered trade dress, a plaintiff must plead that its alleged trade dress is non-functional."
3  *Ferrero S.p.A v. Imex Leader Inc.*, No. 8:17-cv-02152-DOC-KESx, 2018 WL 11346538, at *10
4  (C.D. Cal. May 8, 2018).  Trade dress protection is not available for product features that are
5  "functional."  *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, No. SA CV 15-0246 DOC
6  (DFMx), 2016 WL 6138416, at *4 (C.D. Cal. May 6, 2016).  The Ninth Circuit identified the
7  following factors in determining whether trade dress is functional: "(1) whether the design yields a
8  utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the
9  utilitarian advantages of the design, and (4) whether the particular design results from a
10 comparatively simple or inexpensive method of manufacture." *Clicks Billiards, Inc. v. Sixshooters,*
11 *Inc.*, 251 F.3d 1252, 1260 (9th Cir. 2001).

12       Courts in this District have required plaintiffs to "allege how a trade dress is non-functional"
13 to meet the standard pleading requirement that plaintiffs support the elements of their claims with
14 more than conclusory statements.  *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. cv 15-769
15 PSG (SSx), 2015 WL 12731929, at *4 (C.D. Cal. 2015); *see also Puma SE v. Forever 21, Inc.*, No.
16 CV 17-2523 PSG Ex, 2017 WL 4771004, at *6 (C.D. Cal. Jun. 29, 2017) (dismissing a claim for
17 trade dress infringement because "the Court is persuaded by the approach of district courts that
18 require plaintiffs to allege *how* a trade dress is non-functional" and plaintiff failed to sufficiently
19 allege the element of non-functionality); *R and A Synergy LLC v. Spanx, Inc.*, No. 2:17-cv-09147-
20 SVW-AS, 2019 WL 4390564, at *6 (C.D. Cal. May 1, 2019) (dismissing a trade dress infringement
21 claim because plaintiff "failed to plead how its proposed trade dress is non-functional"); *Virgin*
22 *Scent Inc. v. Bel Air Natruals Care Corp., et al.*, No. CV 17-08284-AB (RAOx), 2018 WL 5264145,
23 at *4-5 (C.D. Cal. Feb. 8, 201) (dismissing a claim for trade dress infringement because plaintiff
24 "only conclusorily states that the trade dress is nonfunctional" and the Court requires "plaintiffs to
25 allege *how* a trade dress is non-functional"); *Green Crush LLC v. Paradise Splash I, Inc.*, No. SACV
26 17-01856-CJC(JDEx); 2018 WL 4940824, at *4 (C.D. Cal. Mar. 8, 2018) (dismissing a trade dress
27 infringement claim because plaintiff did not plead any facts to support the legal conclusion that its
28 alleged trade dress is non-functional); *Mophie, Inc. v. Shah*, No. SA CV 13-01321 DMG (JEMx),

5

2014 WL 10988339, at *6 (C.D. Cal. Jul. 24, 2014) (dismissing a trade dress claim because plaintiff's complaint contains no allegations of nonfunctionality); *Kelltoy Worldwide, Inc. v. Hugfun International, Inc., et al.*, No. CV-19-07652-MWF (MAAx), 2019 WL 8064073, at *5-6 (C.D. Cal. Dec. 4, 2019) (dismissing a trade dress claim because a plaintiff failed to plead sufficient facts in support of its "conclusory statement that '[the trade dress] is non-functional"); *Benebone LLC v. Pet Qwerks, Inc.*, No. 8:20-cv-00850-AB (AFMx); 2020 WL 8732321, at *7 (C.D. Cal. Sep. 3, 2020) (dismissing plaintiff's trade dress claim because "[t]he only allegation relating to nonfunctionality [p]laintiff identifies is a single conclusory assertion that the features of the trade dress are not functional"); *Swift Harvest USA, LLC v. Boley International HK Ltd. et al.*, No. ED CV 19-1700-DMG (GJSx), 2020 WL 7380148, at *14 (Sep. 22, 2020) (dismissing a trade dress claim because plaintiff failed to sufficiently allege non-functionality when the "Complaint's only allegation of non-functionality is the conclusory statement that '[the trade dress] is also inherently distinctive and non-functional").

In *Deckers Outdoor Corp.*, the court dismissed trade dress claims for failing to allege how a trade dress is non-functional when, in describing the trade dress, the plaintiff "only conclusorily state[d] that it 'contains the following non-functional elements' then list[ed] the five bullet points . . .'" *Deckers Outdoor Corp.*, at *4.

Here, Alvantor's purported trade dress is unregistered and it does not provide any facts or reasoning alleging how the elements of its alleged trade dress are non-functional. With respect to pleading non-functional elements, the 5th AC does not even rise to the level of *Deckers Outdoor Corp.*, where the plaintiff pled that its trade dress contains a list of elements that were non-functional and the court still dismissed the trade dress claims for failing to allege *how* the trade dress is non-functional. *Deckers Outdoor Corp.*, 2015 WL 12731929 at *4. Moreover, in *Virgin Scent*, *Kelltoy Worldwide*, *Benebone*, and *Swift Harvest USA*, the trade dress claims were dismissed for only providing a conclusory statement that the trade dress is non-functional. Here, the 5th AC does not even conclusory state that elements of the trade dress are non-functional. Alvantor's only mention of non-functionality in the 5th AC appears when it provides a general definition that a "'Trade Dress' refers to the total image of a product, including non-functional features as size, shape, color,

6

texture." ECF No. 68, ¶53.  There is no other discussion as to how or why Alvantor's alleged trade dress is non-functional.

As an example of a sufficiently pled claim, in *Toyo Tire*, this Court determined that plaintiffs pled sufficient facts to infer that a trade dress for a tire tread design is non-functional because plaintiffs provided that the trade dress "is not essential to the use or purpose of the tire, does not affect tire cost or quality, and does not put competitors at a non-reputation related disadvantage . . . [p]lainiffs further cite to other tires with alternate tread designs that work equally well in the mud and off-road environment." *Toyo Tire*, 2016 WL 6138416 at *4.  Contrary to *Toyo Tire*, Alvantor has not stated that its trade dress is not essential to the use or purpose of the tent, does not affect the cost or quality, and does not put competitors at a non-reptation related disadvantage.   Furthermore, Alvantor does not cite to other tents with alternate tent designs that work equally as well.  Accordingly, Alvantor has failed to sufficient plead facts to support that its trade dress is non-functional.

Finally, in *Ferrero S.p.A.*, this Court dismissed a claim for trade dress infringement when the complaint did "not use the words 'functional' or 'non-functional,' or explain which (if any) of the elements plaintiffs believe are non-functional." *Ferrero S.p.A.*, 2018 WL 11346538 at *12.  Similarly, Alvantor's trade dress infringement claim should be dismissed because the 5$^{th}$AC does not use the words "functional" or "non-functional" or explain which (if any) of the elements Alvantor believes are non-functional.

Therefore, Plaintiff's third claim for trade dress infringement under 15 U.S.C. § 1125(a) should be dismissed with prejudice because Alvantor has failed to plead how its alleged trade dress or any of the elements are non-functional.

**B. Alvantor's First and Second Claims Should be Dismissed with Prejudice Because They Rely on Alvantor's Insufficiently Pled Trade Dress Claim.**

Alvantor's first claim alleges Defendants engaged in unfair competition under 15 U.S.C. § 1125(a) with alleged use in commerce of false designation of origin, false descriptions and false representations.  ECF No. 68, ¶¶ 37-43.  Section 1125(a) provides two general bases for liability: (1) unregistered trademark infringement/false designation of origin, and (2) false advertising." *JS LED*

7

1 *Technology Corp. v. Zhang,* No. CV 14-02250-RGK (PJWx), 2014 WL 12561075, at *5 (C.D. Cal. Aug. 7, 2014). Claims for trade dress infringement and false designation of origin under the Lanham Act "are coterminous and are governed by an identical legal standard." *TSX Toys, Inc. v. 665, Inc.*, No. ED CV 14-02400-RGK (DRBx), 2015 WL 12791406, at *3-4 (C.D. Cal. Apr. 24, 2015) (*quoting Globefill Inc. v. Elements Spirits, Inc.*, 473 Fed.Appx. 685, 687 (9th Cir. 2012)). Here, Plaintiffs have amended the first claim to remove any allegation of false advertisement and to assert a false designation of origin based on the use of Alvantor's purported trade dress. ECF No. 68, ¶¶ 38-39. Specifically, Plaintiffs allege: "Alvantor extensively used its <u>trade dress elements (as identified and discussed in Paragraph 54 and FIGS. 1-4 below)</u> to identify its goods and to distinguish it from the goods and services provided by others . . ." and "[u]pon information and belief, Defendants have copied the Alvantor <u>trade dress elements</u> . . ." ECF No. 68 at ¶¶38-39 (emphasis added).

If a plaintiff has failed to sufficiently plead trade dress infringement, a plaintiff's Lanham Act claims premised on the same theory are likewise insufficiently pled. *See TSX Toys, Inc.*, 2015 WL 12791406 at *5 ("[s]ince [plaintiff] has failed to allege sufficient facts to show that its alleged trade dress is non-functional, its Lanham Act claims are insufficiently pled"). Accordingly, Plaintiffs' Lanham Act claim for false designation of origin should be dismissed because it is premised on its trade dress infringement claim, which is insufficiently pled. *See Green Crush LLC*, 2018 WL 4940824, at *4 (dismissing claims for false designation of trade dress origin, unfair competition, common law trademark infringement and unfair business practices that rely on a purported trade dress because plaintiff failed to sufficiently allege a protectable trade dress).

Alvantor's second cause of action alleges Defendants engaged in common law unfair competition and unfair competition under Cal. Bus. & Prof. Code sections 17200 and 17203. ECF No. 68, ¶¶45-51. A claim for California unfair competition under section 17200 is also a claim for California common law trademark infringement. *See JS LED Tech. Corp.*, 2014 WL 12561075 at *9. The Ninth "Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir.

1994) (citations omitted).  Therefore, if a plaintiff has failed to sufficiently plead trade dress infringement, a plaintiff's unfair competition claims premised on the same theory are likewise insufficiently pled. *See Deckers*, 2015 WL 12731929 at *7 (dismissing unfair competition claims "because the Court has determined that Plaintiff has failed to sufficiently plead trade dress infringement, Plaintiff's unfair competition claims premised on the same theory are likewise insufficiently pled").

Plaintiffs' second claim for common law unfair competition and Cal. Bus. Prof. Code §§17200 and 17203 alleges:

> 46.   As discussed in Paragraph 54 and illustrated in FIGS. 1-4 below, Defendants adopt and use Alvantor's distinctively [sic] trade dress elements in Defendants' products. . .
>
> 47.   Upon information and belief, Defendants intentionally misappropriated Alvantor's trade dress elements and the goodwill associated therewith by using Alvantor's trade dress elements . . .

ECF No. 68 at ¶¶46-47. It is clear that Plaintiffs' second claim for unfair competition in violation of Cal. Bus. Prof. Code §§17200 and 17203 is predicated upon its insufficiently pled trade dress. Accordingly, since Plaintiffs fail to allege sufficient facts to state a claim for trade dress infringement, it also fails to adequately allege a state claim for unfair competition. *See Kelltoy Worldwide*, 2019 WL 8064073, at *6 (dismissing plaintiff's common law trademark infringement and state law claims because they relied on a trade dress claims that was not adequately pled for not pleading non-functionality); *TSX Toys, Inc.*, 2015 WL 12791406 at *5 (dismissing state unfair competition claims "[b]ecause [plaintiff] fails to allege sufficient facts to state a claim for Trade Dress Infringement, it also fails to adequately allege a state claim for Unfair Competition."); *Swift Harvest*, 2020 WL 7380148 at *15 (dismissing false designation of origin claims that rely on insufficient allegations that defendant misappropriated plaintiff's trade dress); *Green Crush LLC*, 2018 WL 4940824, at *4 (dismissing claims for unfair competition, common law trademark infringement, and unfair business practices that rely on a purported trade dress because plaintiff failed to sufficiently allege a protectable trade dress).

Therefore, Alvantor's first and second claims should be dismissed with prejudice because these claims are predicated on the use of Alvantor's purported trade dress, which Alvantor has failed to sufficiently plead.

### C. Plaintiffs Should Not Be Permitted Leave to Amend

Plaintiffs first, second, and third claims should be dismissed with prejudice because Plaintiffs have filed six separate complaints and had numerous opportunities to plead sufficient claims. In each of the six complaints, Plaintiffs failed to assert a sufficient claim for trade dress infringement, and in turn, claims for false designation of origin and state unfair competition predicated on Alavantor's purported trade dress. Defendants have met and conferred with Plaintiffs after the filing of each complaint and filed three motions to dismiss identifying Plaintiffs' deficiencies and shortcomings in its complaints, including the failure to plead how the trade dress is non-functional, which was once again addressed in this motion. *See* ECF No. 31-1, 19 ("it has failed to identify how any alleged trade dress is nonfunctional"); ECF No. 40-1, 18 ("it has failed to identify how any alleged trade dress is nonfunctional"); ECF No. 63-1, 19-21 ("it has not sufficiently pled that its trade dress is non-functional"). Defendants have been prejudiced for having to incur costs to defend this case that is now fifteen months old and still in the pleadings stage and prepare motions to dismiss for each of the complaints.

Leave to amend should not be permitted where plaintiff has previously amended the complaint numerous times. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (considering "repeated failures to cure deficiencies" as one factor under Rule 15(a)). A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990); *see also Westlands Water Dist. V. Firebaugh Canal,* 10 F.3d 667, 677 (9th Cir. 1993) ("[W]e have noted that the district court's discretion is particularly broad where the plaintiff has bypassed other opportunities to amend"). When a plaintiff has already had several opportunities to state a claim, it weighs against permitting another opportunity to amend. *Kittel v. City of Oxnard*, No. CV 17-6709-MWF (GJSx), 2018 WL 6004522, at *4 (C.D. Cal. Jul. 9, 2018); *see Destfino v. Reiswig*, 630 F.3d 952, 958-959 (9th Cir. 2011) ("Plaintiffs had three bites at the apple, and the court acted will within its discretion in

disallowing a fourth."). Furthermore, in *Mosaic Brands, Inc. v. Ridge Wallet LLC,*, the court granted a motion to dismiss a trade dress infringement claim in a second amended complaint with leave to amend, but noted "it will not grant any further motions to amend absent good cause." No. 2:20-cv-04556-AB (JCx), 2020 WL 6821013, at *7 (C.D. Cal. Oct. 29, 2020).[1] Here Plaintiffs have had <u>six</u> bites at the apple, including the initial complaint, so the Court should not allow a seventh.

Therefore, in view of receiving numerous notices of deficiencies, receiving numerous opportunities to amend, and prejudice to Defendants, Plaintiffs should not be afforded the opportunity to file a sixth amended complaint.

## V.  CONCLUSION

In view of the foregoing, this Court should dismiss Plaintiffs' First (Federal Unfair Competition), Second (Common Law Unfair Competition), and Third (Trademark and Trade Dress Infringement) claims with prejudice because Plaintiffs failed to sufficiently plead these causes of action.

Dated: <u>October 5, 2023</u>   Respectfully Submitted,

BUCHE & ASSOCIATES, P.C.

By: <u>/s/ Byron E. Ma</u>
Byron E. Ma (CA Bar No. 299706)
bma@buchelaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067

*Attorneys for Defendants*

---

[1] At the July 24, 2023 hearing granting Plaintiff's motion for leave to file a Fourth Amended Complaint, the Court noted that Plaintiffs would not be permitted any more amendments to the claims.

**CERTIFICATE OF SERVICE**

On October 5, 2023, I electronically filed this document with the Clerk's Office using the CM/ECF system, which sends a Notice of Electronic Filing to all registered attorneys.

Date: October 5, 2023                    /s/ Byron Ma
                                         Byron Ma