**FORTIS LLP**
Sang Dang, Esq. (SBN 214558)
Salvatore Picariello, Esq. (SBN 190442)
650 Town Center Drive, Suite 1530
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994
Email: sdang@fortislaw.com
        spicariello@fortislaw.com
*Attorneys for Plaintiffs Alvantor Industry Co., Ltd.*
*and Ningbo Leedor Industry Co., Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVANTOR INDUSTRY CO., LTD. and NINGBO LEEDOR INDUSTRY CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN JORDA TRADING CO., LTD., DBA ELEVENS, PEX FIX, ET AL., SHENZHEN 703, AKA, SHENZHEN QILINGSAN NETWORK TECHNOLOGY CO., LTD., NEUTYPE, AND MIRUO MIRROR, INC., <br><br> Defendants. | Case No: 2:22-cv-04844-DOC-JPR <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST, SECOND, AND THIRD CAUSES OF ACTION OF PLAINTIFFS' FIFTH AMENDED COMPLAINT** <br><br> **Hearing:** <br> Date:  November 6, 2023 <br> Time:  8:30 a.m. <br> Location:  Courtroom 10A <br> Judge: Hon. David O. Carter <br><br> **Complaint Filed: July 14, 2022** |

# TABLE OF CONTENTS

I.  INTRODUCTION AND SUMMARY OF ARGUMENT .......................................... 1

II.  RELEVANT PROCEDURAL HISTORY ..................................................... 2

III.  LEGAL ARGUMENT ............................................................................... 3

    A.  Defendants' Motion to Dismiss Should Be Denied Because It Is a Thinly-Veiled and Improper Motion for Reconsideration. ............................ 3

    B.  Plaintiffs' Allegations of Non-Functionality are Sufficient. ............................ 7

IV.  CONCLUSION ....................................................................................... 12

# CASES

*389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ................................ 4

*Autodesk, Inc. v. Dessault Sys. SolidWorks Corp.,* No. C 08-04397, 2008 WL 6742224, at *2 (N.D. Cal. Dec. 18, 2008) ........................................................................................ 8

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ......................................................... 4

*Chagby v. Target Corp.*, CV 08-4425-GHK (PJWx), 2009 WL 398972, at *1 (C.D. Cal. 2009) ......................................................................................................................... 6

*Chloe SAS v. Sawabeh Information Servs. Co.*, CV 11-04147 GAF (MANx), 2013 WL 901986, at *5 ....................................................................................................... 1, 6

*Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) .............. 2, 7

*Disc Golf Assn., Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) .......... 7

*Keep a Breast Foundation v. Seven Group, et al.*, 2011 WL 3240756 (S.D. Cal. July 28, 2011) ............................................................................................................................ 6, 7

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ........................... 4

*Lam Research Corp. v. Schunk Semiconductor*, 65 F.Supp.3d 863, 869 (N.D. Cal. 2014) . 2, 4

*Mosaic Brands, Inc. v. The Ridge Wallet LLC*, 2:20-CV-04556-AB (JCx), 2020 WL 5640233 (C.D. Cal. Sept. 3, 2020) ........................................................................... 6, 7

*Salinas v. City of San Jose*, 5:09-cv-04410 EJD, 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) ............................................................................................................. 6

*Sambonet Paderno Industrie, S.P.A. v. Sur La Table, Inc.*, 2015 WL 4498795, at *4 (C.D. Cal. July 23, 2015) ......................................................................................... 11

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics Corp.*, No. C 04-04675 MHP, 2006 WL 2130866 (N.D. Cal. July 27, 2006) ....................................... 4

*Surface Supplied, Inc. v. Kirby Morgan Drive Sys.*, Inc., No. C 13-0575 MMC, 2013 WL 6354244, at \*3 (N.D. Cal. Dec. 5, 2013)...................................................................... 7

*Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).................................. 8

*Tortilla Factory LLC v. United Natural Foods, Inc.*, No. CV 17-7539 FMO, 2019 WL 4451230, at \*2 ........................................................................................................... 5

*Woulfe v. Universal City Studios LLC*, 2:22-cv-00459-SVW-AGR, 2023 WL 3321752, at \*1 (C.D. Cal. Mar. 9, 2023)......................................................................................... 5

Statutes

Lanham Act § 43(a) .............................................................................................................. 8

U.S.C. § 1125(a) ................................................................................................................... 8

Rules

Rule 7-18 ..................................................................................................................... 2, 4, 5

Rule 11 ................................................................................................................................ 1

Rule 12(b)(6) ....................................................................................................... 1, 2, 3, 6, 8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants should never have brought their Motion to Dismiss the First through Third Causes of Action of Plaintiffs' Fifth Amended Complaint ("5AC"). It is based on the same legal argument they advanced in support of their motion to dismiss Plaintiffs' Third Claim for Trade Dress Infringement of the Fourth Amended Complaint ("4AC"); namely, that Alvantor has failed to allege facts showing its trade dress is "non-functional." This argument has no more merit now than when it was previously raised, fully briefed by the parties, and considered by the Court in the September 7, 2023 Order granting in part and denying in part Defendants' Rule 12(b)(6) motion. (Dkt. 67). Defendants' Motion to Dismiss therefore represents nothing more than an improper request for reconsideration of this Court's September 7th Order.[1]

The Court's September 7th Order not only expressly states the Court "reviewed the moving papers and considered the parties' arguments" (Dkt. 67 at p. 1), but the Order is complete on its face (*i.e.*, the Court does not state it is not reaching one of Defendants' trade dress arguments). While the September 7th Order does not expressly address Defendants' "non-functional" argument, it is well settled that a court is "not required to address every single allegation . . . or argument" in its order. *See, e.g., Chloe SAS v. Sawabeh Information Servs. Co.*, CV 11-04147 GAF (MANx), 2013 WL 901986, at *5 (C.D. Cal. Jan. 31, 2013) (citation omitted).

Defendants apparently believe they can circumvent the Local Rules and the Court's prior ruling – which Defendants implicitly concede Plaintiffs have followed when amending the now-operative pleading – and demand the Court reconsider an

---

[1] Because Plaintiffs contend Defendants' Motion is legally baseless from an objective perspective, made without a reasonable and competent inquiry, and filed for improper purposes, Plaintiffs served Defendants on October 12, 2023 with their motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs will file their Rule 11 Motion if Defendants fail to withdraw their motion within 21 days, and Plaintiffs request that the Court hear the Rule 11 motion together with Defendants' Motion to Dismiss.

issue Defendants have already raised. As such, Defendants' Motion to Dismiss should be evaluated as a poorly disguised motion for reconsideration. *See Lam Research Corp. v. Schunk Semiconductor*, 65 F.Supp.3d 863, 869 (N.D. Cal. 2014) ("Courts 'will not exalt form over substance and permit a party to circumvent the applicability of [L.R. 7-18] merely by avoiding the 'motion for reconsideration' label.") (citation omitted). As such, Defendants were required to comply with Local Rule 7-18. Defendants have not come close to doing so.

Even if the Court considers Defendants' "non-functional" argument, however, Defendants' Motion to Dismiss lacks substantive merit. As Plaintiffs explained in their Opposition to Defendants' prior Rule 12(b)(6) motion (Dkt. 64 at 15:12-16:12),[2] a motion to dismiss is not the proper vehicle by which the Court should weigh functionality in a trade dress infringement claim because "[f]unctionality is a question of fact." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (citations omitted). Plaintiffs also explained in their Opposition that Alvantor has pleaded its trade dress claim sufficiently under Rule 8 (Dkt. 64 at 16:4-12).

For these and other reasons set forth below, this Court should deny Defendants' Motion to Dismiss.

## II.   RELEVANT PROCEDURAL HISTORY

On August 7, 2023, Defendants filed a motion to dismiss Plaintiffs' First through Third and Fifth Causes of Action in Plaintiffs' 4AC. Defendants advanced two arguments why the Court should dismiss Plaintiffs' Third Claim for Trade Dress Infringement: (1) Alvantor failed to describe the elements of its trade dress because it used non-limiting qualifier language; and (2) Alvantor failed to allege facts showing that its trade dress is "non-functional." (Dkt. 63-1 at 17:23-21:15). On August 21, 2023, Plaintiffs' filed their Opposition to Defendants Rule 12(b)(6) motion, which included substantive responses to both of these arguments. (Dkt. 64 at 15:12-16:12).

---

[2] All references to page numbers of previously filed pleadings and briefs are based on the ECF page numbers.

On September 7, 2023, this Court entered an Order granting in part and denying in part Defendants' motion to dismiss. Among other things, the Court's September 7th Order expressly provides the Court "reviewed the moving papers and considered the parties' arguments". (Dkt. 67 at p. 1). The September 7th Order is also complete on its face (*i.e.*, the Court does not state it is not reaching one of Defendants' arguments). With respect to Plaintiffs' Third Cause of Action for Trade Dress Infringement, the Court concluded: "Plaintiffs' trade dress 'include[s], but [is] not limited to' thirteen separate elements. Thus, the 4AC does not adequately articulate the aspects of Plaintiffs' trade dress." (Dkt. 67 at p. 6 (citing 4AC ¶ 54)). The September 7th Order did not expressly address Defendants' "non-functional" position.

As for Plaintiffs' First and Second Causes of Action, the Court denied Defendants' Rule 12(b)(6) motion in part, stating it was proper for Plaintiffs to allege Defendants copied aspects of Plaintiffs' designs, but Plaintiffs could not allege that Defendants were liable under the Lanham Act for copying Plaintiffs' copyrighted product descriptions. (Dkt. 67 at pp. 5-6). The Court gave Plaintiffs 14 days to file their 5AC.

Plaintiffs timely filed their 5AC on September 21, 2023 (Dkt. 68). In doing so, Plaintiffs eliminated the non-limiting qualifier phrase "including but not limited to" from its trade dress infringement claim. *See* 5AC ¶ 54. Further, Plaintiffs amended their First and Second Causes of Action to remove references to Defendants' copying of Plaintiffs' copyrighted product descriptions and limit these claims to Defendants' copying aspects of Plaintiffs' designs or trade dress.

## III.  LEGAL ARGUMENT

### A.  Defendants' Motion to Dismiss Should Be Denied Because It Is a Thinly-Veiled and Improper Motion for Reconsideration.

In the present Motion to Dismiss, Defendants simply rehash legal arguments they previously asserted in support of their motion to dismiss Plaintiffs' Third Claim

for Trade Dress Infringement in the 4AC. Specifically, Defendants argue this Court should dismiss Plaintiffs' trade dress claim in the 5AC because Alvantor has failed to allege facts showing its trade dress is "non-functional." (Dkt. 69-1 at 8:23-11:22). They also ask the Court to dismiss Plaintiffs' First and Second Causes of Action because they are based upon Alvantor's trade dress claim. (Dkt. 69-1, at 11:23-14:3). It is undisputed Defendants previously asserted the same "non-functional" argument (Dkt. 63-1 at 19:7-21:15), and Plaintiffs filed an Opposition refuting Defendants' argument. (Dkt. 64 at 15:12-16:12).

By rearguing their "non-functional" position, Defendants' Motion to Dismiss is, in substance, a motion for reconsideration. *See Lam Research Corp. v. Schunk Semiconductor*, 65 F.Supp.3d 863, 869 (N.D. Cal. 2014) ("Courts 'will not exalt form over substance and permit a party to circumvent the applicability of [L.R. 7-18] merely by avoiding the 'motion for reconsideration' label.") (citing *Semiconductor Energy Laboratory Co., Ltd. v. Chi Mei Optoelectronics Corp*., No. C 04-04675 MHP, 2006 WL 2130866 (N.D. Cal. July 27, 2006) (recognizing that party's "motion for clarification" of a claim construction order was "in substance, a motion for reconsideration" and could "be denied on that basis alone")). As such, Defendants were required to comply with Local Rule 7-18.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

1    Under this District's Local Rules, the Court cannot reconsider a previous ruling
2    unless the party requesting reconsideration meets the following standard:

3         A motion for reconsideration of an Order on any motion or application
4         may be made only on the grounds of (a) a material difference in fact or
5         law from that presented to the Court that, in the exercise of reasonable
6         diligence, could not have been known to the party moving for
7         reconsideration at the time the Order was entered, or (b) the emergence
8         of new material facts or a change of law occurring after the Order was
9         entered, or (c) a manifest showing of a failure to consider material facts
10        presented to the Court before the Order was entered. No motion for
11        reconsideration may in any manner repeat any oral or written argument
12        made in support of, or in opposition to, the original motion. Absent
13        good cause shown, any motion for reconsideration must be filed no later
14        than 14 days after entry of the Order that is the subject of the motion or
15        application.

16   C.D. Cal. Local Rule 7-18.

17        Defendants have not come close to satisfying L.R. 7-18. To begin, Defendants'
18   "motion for reconsideration" is untimely, as it was filed on October 5, 2023, *i.e.*, more
19   than 14 days after the Court issued its September 7th Order. Even if Defendants had
20   properly noticed a motion for reconsideration, however, it would fail because
21   Defendants have not shown they are entitled to such relief. Indeed, in direct
22   contravention of the L.R. 7-18, Defendants are raising the same "non-functional"
23   arguments raised in their motion to dismiss the 4th AC. "A court should not
24   experience déjà vu when reviewing a motion for reconsideration." *Woulfe v.*
25   *Universal City Studios LLC*, 2:22-cv-00459-SVW-AGR, 2023 WL 3321752, at *1
26   (C.D. Cal. Mar. 9, 2023) (citing, i*nter alia, Tortilla Factory LLC v. United Natural*
27   *Foods, Inc.*, No. CV 17-7539 FMO, 2019 WL 4451230, at *2 ("Where a motion for
28   reconsideration raises no new arguments, but instead relies on the same arguments

made in the party's original [motion], the motion for reconsideration should be denied.") (citations and quotations omitted).

Finally, Plaintiffs anticipate that Defendants will argue they have not filed a motion for reconsideration because, while Defendants' "non-functional" position was fully briefed by the parties, the Court did not expressly rule on this particular argument when issuing its September 7, 2023 Order partially granting Defendants' Rule 12(b)(6) motion. (Dkt. 67). Such an argument is without merit.

A court is "not required to address every single allegation . . . or argument" in its order. *See, e.g., Chloe SAS v. Sawabeh Information Servs. Co.*, CV 11-04147 GAF (MANx), 2013 WL 901986, at *5 (C.D. Cal. Jan. 31, 2013) ("[T]he Court is under no obligation to explicitly address each and every one of Tradekey Defendants' arguments.") (citing *Chagby v. Target Corp.*, CV 08-4425-GHK (PJWx), 2009 WL 398972, at *1 (C.D. Cal. 2009) ("We need not, and are not required to, address every single allegation made in Plaintiff's Complaint, or arguments made in Plaintiff's opposition, in the Order"); *Salinas v. City of San Jose*, 5:09-cv-04410 EJD, 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) ("[T]he fact the court did not address every point or every case cited by [Defendant] . . . does not equate to a failure to consider dispositive arguments, especially when the Order appears complete on its face.")). Here, the Court's September 7th Order not only expressly states the Court "reviewed the moving papers and considered the parties' arguments" (Dkt. 67 at p. 1), but the Order is complete on its face.

Plaintiffs also anticipate Defendants will rely on *Mosaic Brands, Inc. v. The Ridge Wallet LLC*, 2:20-CV-04556-AB (JCx), 2020 WL 5640233 (C.D. Cal. Sept. 3, 2020) and *Keep a Breast Foundation v. Seven Group, et al.*, 2011 WL 3240756 (S.D. Cal. July 28, 2011) for the proposition that rearguing their "non-functional" position does not constitute a motion for reconsideration because the Court did not expressly address this issue in its September 7th Order. These decisions are readily distinguishable, however, because they both expressly provided that the court was not

considering a particular argument. *Mosaic Brands, Inc.*, 2020 WL 5640233, at \*5 ("Because Plaintiff has not adequately identified its trade dress, the Court need not reach whether Plaintiff sufficiently pleaded the elements of trade dress infringement."); *Keep a Breast Foundation*, 11-cv-00570 BEN (WMc), 2011 WL 3240756, at \*3 ("Because the Court finds that Plaintiff has not sufficiently described its proposed trade dress, it need not reach whether Plaintiff sufficiently pled the elements of likelihood of confusion or distinctiveness/secondary meaning.") Here, by contrast, the Court's September 7th Order contains no statement that the Court had refrained from considering Defendants' "non-functional" argument.

Accordingly, Defendants' Motion is procedurally and substantively deficient, and this Court should deny it in its entirety.

**B.    Plaintiffs' Allegations of Non-Functionality are Sufficient.**

Even if the Court considers Defendants' "non-functional" argument, however, Defendants' Motion to Dismiss lacks substantive merit.

Defendants' argument that Alvantor has failed to allege sufficient facts to show that its trade dress is non-functional is also meritless. A motion to dismiss is not the proper vehicle by which the Court should weigh functionality in a trade dress infringement claim. This is because "[f]unctionality is a question of fact." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (citations omitted).

In analyzing functionality, a court must consider: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf Assn., Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998). Consequently, "functionality is generally viewed as an intensely factual issue." *Surface Supplied, Inc. v. Kirby Morgan Drive Sys.*, Inc., No. C 13-0575 MMC, 2013 WL 6354244, at \*3 (N.D. Cal. Dec. 5, 2013) (quoting *Tie Tech, Inc. v.*

*Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002)). Facts going to the functionality analysis should not be resolved at the motion to dismiss stage. *Autodesk, Inc. v. Dessault Sys. SolidWorks Corp.,* No. C 08-04397, 2008 WL 6742224, at *2 (N.D. Cal. Dec. 18, 2008) (noting "[g]enericness and functionality are questions of fact, making dismissal under Rule 12(b)(6) inappropriate.").

Nevertheless, Alvantor has pleaded its trade dress claim sufficiently under Rule 8. Among other things, Alvantor identifies four non-functional categories (size, shape, color, and texture (5AC ¶ 53)), lists 13 specific non-functional features (*id.* ¶ 54), and includes four images to illustrate these non-functional features.

More specifically, ¶ 53 of the 5AC states:

"'Trade Dress' refers to the total image of a product, including such non-functional features as size, shape, color, texture. Defendants make, import, distribute, use, offer to sell and/or sell in the United States, including this district, tent products that directly infringe Alvantor's Trade Dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Federal Unfair Competition laws."

In ¶ 54 of the 5AC, Alvantor goes on to specifically list the alleged non-functional trade dress elements:

"Alvantor has actively marketed, promoted, and continuously sold tent products bearing certain trade dress elements, such that they have acquired secondary meaning within the relevant market.  The trade dress elements-at-issue (as described below and shown in FIGS. 1-4 below) are as follows:

- The overall dome shape of the tent
- The overall shape of the side panels
- The number of side panels
- Each of the side panels is either transparent or fully clear
- Each of the side panels has a top arc section that is non-transparent material
- Each of the side panels has a bottom section that is non-transparent material

1  - The overall shape of the doors

2  - The two doors being placed in two opposing side panels

3  - The door zipper that runs along three sides of the door side panels

4  - The door is hinged at the top of the side panel at the bottom of the top arc

5   section

6  - The door can be rolled up and tied down at the top of the side panel

7  - The lower skirt section extending from each side panel

8  - The roof line or shape that forms into the opened tent and below the top of

9   each side panel."

10   In addition, Alvantor provides the following four annotated figures on pages

11 19-20 of the 5AC to further explain and clarify the alleged trade dress elements:



FIG 1 - Exemplary Plaintiff's Screen Tent



FIG. 2 - Exemplary Plaintiff's Screen Tent



FIG. 3 - Exemplary Defendants' Infringing Screen Tent



FIG. 4 - Exemplary Defendants' Infringing Screen Tent

28   Alvantor alleges its trade dress is highly distinctive (5AC ¶¶ 25, 38, 46). In

-9-

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

particular, ¶ 25 of the 5AC states:

> "As a result of the promotion and sales of its portable tents and gazebos, using Alvantor's copyrights, designs and trade dress, such goods offered and sold are recognized by consumers and the trade to be of the highest quality, highly distinctive, and are provided by Alvantor with superior customer service. As a result, the Alvantor intellectual property, including its copyrights, trademarks, trade dress, and designs, and the goodwill associated therewith are of inestimable value to Alvantor."

In addition, ¶ 25 of the 5AC states:

> "Long prior to the acts of Defendants complained of herein, Alvantor extensively used its trade dress elements (as identified and discussed in Paragraph 54 and FIGS. 1-4 below) to identify its goods and to distinguish it from the goods and services provided by others. The distinctiveness of the Alvantor trade dress elements are understood by consumers and the trade that portable gazebos that Alvantor offered are designed by, manufactured by, distributed by, and originate from and are provided by Alvantor."

Furthermore, ¶ 46 of the 5AC states:

> "As more fully set forth above, Defendants' use of the Infringing Content is substantially identical to Alvantor's inherently distinctive intellectual property, copyrights, and trade dress. As a result, the purchasing public and the trade are likely to attribute to Defendants the authorized use of Alvantor's intellectual property by Alvantor as a source of origin, authorization and/or sponsorship of Defendants' goods and therefore, to purchase Defendants' goods based on that mistaken belief."

In ¶¶ 32D and 32E of the 5AC, Alvantor describes how an exemplary cursory

comparison of Alvantor products and Defendants' products would show that Defendants copied and infringed Alvantor's trade dress. In particular, ¶¶ 32D and 32E of the 5AC state:

> "Through even a cursory comparison of the Alvantor Bubble Tent designs, shown in Exhibit 3 attached hereto, and the Copied Goods by Defendants, shown in Exhibit 6 attached hereto, shows the obvious and striking infringement of the Alvantor tent designs and design elements, both of which are incorporated herein by this reference as if set forth in full.
>
> More particularly, a comparison shows that the Copied Goods by Defendants copied and are strikingly the same as the Alvantor Bubble and Screen Tents with respect to:  (a) the same number of sides or panels as the Alvantor bubble-style tents; (b) each of the panels are fully clear or transparent; (c) the tents have two opposing panels with roll up, zippered doors that are hinged at the top; (d) the remaining panels are formed without doors or windows; (e) a lower skirt section to each of the sides or panels; (f) a roof line or shape that forms into the opened tent; and (g) the easy, 'self-opening" assembly.'"

This level of detail and information is sufficient to put Defendants on notice of the non-functional trade dress features at issue in this action. *See Sambonet Paderno Industrie, S.P.A. v. Sur La Table, Inc.*, 2015 WL 4498795, at *4 (C.D. Cal. July 23, 2015). Thus, this Court should deny Defendants' Motion to Dismiss Plaintiffs' Third Cause of Action for Trade Dress Infringement.

Finally, because Defendants' Motion to Dismiss Plaintiffs' First and Second Causes of Action turn on whether Plaintiffs have stated a claim for trade dress infringement, and Plaintiffs have stated such a claim, it necessarily follows that Plaintiffs' Motion to Dismiss should also be denied as to Plaintiffs' first two claims.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss in its entirety.

Dated: October 16, 2023                    FORTIS LLP

By: */s/ Sang Dang*
Sang Dang (SBN 214558)
sdang@fortislaw.com
650 Town Center Drive, Suite 1530
Costa Mesa, CA 92626
Tel: (714) 839-3800
*Attorneys for Plaintiffs*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

# CERTIFICATE OF SERVICE

2    I, Vanessa Parsons, declare as follows:

3    I am employed in the County of Orange, State of California; I am over the age of
     eighteen years and am not a party to this action; my business address is 650 Town
4    Center Drive, Suite 1530, Costa Mesa, CA 92626.  On October 16, 2023, I served the
     following document(s):

5

6    **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
     PLAINTIFFS' FIRST, SECOND, AND THIRD CAUSES OF ACTION OF**
7    **PLAINTIFFS' FIFTH AMENDED COMPLAINT**

8
     on the parties stated on attached service list
9

10   ☒    **BY COURT'S CM/ECF SYSTEM.**  Pursuant to Local Rule, I electronically
          filed the documents with the Clerk of the Court using the CM/ECF system,
11        which sent notification of that filing to the persons listed on the Service List.
          **BY E-MAIL.**  By sending via e-mail, to the parties for service of the foregoing
12        documents to the persons listed on this Service List.

13   ☐    **(STATE)**    I declare under penalty of perjury under the laws of the State
                         of California that the foregoing is true and correct.
14
     ☒    **(FEDERAL)**  I declare under penalty of perjury that the foregoing is true
15                       and correct.

16   Executed on October 16, 2023, at Costa Mesa, California.

17                                  /S/ VANESSA PARSONS
                                    Vanessa Parsons
18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

| | |
|---|---|
| BUCHE & ASSOCIATES, P.C.<br>Bryon E. Ma<br>2029 Century Park E., Ste 400N<br>Los Angeles, CA 90067<br>Tel: (310) 593-4193<br>Fax: (858) 430-2426 | *bma@buchelaw.com*<br><br>*Attorneys for Defendants.*<br>*SHENZHEN JORDA TRADING CO.,*<br>*LTD., DBA ELEVENS, PEX FIX, ET*<br>*AL., SHENZHEN 703, AKA,*<br>*SHENZHEN QILINGSAN NETWORK*<br>*TECHNOLOGY CO., LTD.,*<br>*NEUTYPE, AND MIRUO MIRROR,*<br>*INC.,* |
| GETECH LAW LLC<br>Ge (Linda) Lei *(Pro Hac Vice)*<br>203 N. LaSalle, Ste 2100<br>Chicago, IL 60601<br>Tel: (312) 888-6633<br>Fax: (217) 970-1066 | *Linda.Lei@getechlaw.com*<br><br>*Attorneys for Defendants, SHENZHEN*<br>*JORDA TRADING CO., LTD., DBA*<br>*ELEVENS, PEX FIX, ET AL.,*<br>*SHENZHEN 703, AKA, SHENZHEN*<br>*QILINGSAN NETWORK*<br>*TECHNOLOGY CO., LTD.,*<br>*NEUTYPE, AND MIRUO MIRROR,*<br>*INC.,* |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS