**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-CV-04844-DOC-JPRx                                                      Date:  October 27, 2023

Title: ALVANTOR INDUSTRY CO. ET AL. V. SHENZHEN JORDA TRADING CO., LTD. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST, SECOND, AND THIRD CAUSES OF ACTION OF PLAINTIFFS' FIFTH AMENDED COMPLAINT [69]**

Before the Court is Defendants Shenzhen Jorda Trading Co., Ltd. dba Elevens, PexFix; Shenzhen 703 aka Shenzhen Qilingsan Network Technology Co., Ltd.; Neutype; and, Miruo Mirror, Inc. (collectively "Defendants") Motion to Dismiss the First, Second, and Third Causes of Action in Plaintiffs' Fifth Amended Complaint ("Motion" or "Mot.") (Dkt. 69). The Plaintiffs in this matter are Alvantor Industry Co., Ltd. And Ningbo Leedor Industry Co., Ltd. (collectively "Plaintiffs"). The Court finds this matter suitable for resolution without oral argument. Fed R. Civ. P. 78(b); L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-CV-04844-DOC-JPRxDate: October 27, 2023

Page 2

## I.     Background

### A.     Facts

The following facts are taken from Plaintiffs' Fifth Amended Complaint ("5AC") (Dkt. 68).

Beginning in May 2019, Plaintiffs began selling portable gazebos, including its "Screen Tent" and "Bubble Tent." 5AC ¶ 18. These tents come in several shapes—4-sided, 6-sided, 8-sided, and 10-sided—different sizes, and their walls are transparent. *Id.* ¶¶ 17, 32. Plaintiffs allege that, although not federally registered, their tents' appearance is a protected trade dress. The elements of Plaintiffs' asserted trade dress are:

1) The overall dome shape of the tent
2) The overall shape of the side panels
3) The number of side panels
4) Each of the side panels is either transparent or fully clear
5) Each of the side panels has a top arc section that is non-transparent material
6) Each of the side panels has a bottom section that is non-transparent material
7) The overall shape of the doors
8) The two doors being placed in two opposing side panels
9) The door zipper that runs along three sides of the door side panels
10) The door is hinged at the top of the side panel at the bottom of the top arc section
11) The door can be rolled up and tied down at the top of the side panel
12) The lower skirt section extending from each side panel
13) The roof line or shape that forms into the opened tent and below the top of each side panel.

About three years after Plaintiffs began selling their tents, Defendants started to sell similar tents. *Id.* ¶ 30. Plaintiffs then filed this lawsuit for federal trademark and copyright infringement, and derivative state law claims. *See* Complaint (Dkt. 1).

### B.     Procedural History

Plaintiffs filed this lawsuit in July 2022. *See* Complaint (Dkt. 1). Since then, Plaintiffs have amended their complaint several times. On September 7, 2023, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-CV-04844-DOC-JPRx                                   Date: October 27, 2023

Page 3

dismissed parts of Plaintiffs' Fourth Amended Complaint ("4AC"). Order Granting Motion to Dismiss 4AC ("MTD 4AC") (Dkt. 67). In their motion to dismiss the 4AC, Defendants argued that Plaintiffs' 4AC did not state a claim for trade dress infringement because the 4AC did not allege how Plaintiffs' asserted trade dress is non-functional and that Plaintiffs did not sufficiently define their trade dress. Motion to Dismiss 4AC (Dkt. 63), at 1, 13-17. The Court granted the motion on the latter grounds and did not address Defendants' functionality argument. MTD 4AC at 6-7.

After the Court dismissed Plaintiffs' 4AC, Plaintiffs filed the 5AC. Defendants moved to dismiss the 5AC on October 5, 2023. On October 16, 2023, Plaintiffs filed their Opposition ("Opp'n") (Dkt. 70). Defendants replied ("Reply") (Dkt. 73) on October 23, 2023.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds* by 307 F.3d 1119, 1121 (9th Cir. 2002). A court may treat such a document as "part of the complaint, and thus may assume that its contents are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-CV-04844-DOC-JPRx						Date: October 27, 2023

Page 4

true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

      For claims sounding in fraud, a complaint must be dismissed when a plaintiff fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); see Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff alleging such claims to "state with particularity the circumstances constituting fraud." *Id.* The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Further, if the plaintiff claims a statement is false or misleading, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). In other words, the plaintiff "must set forth an explanation as to why the statement or omission complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997). This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

      Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when a court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III. Discussion

      Defendants move to dismiss the first three causes of action in Plaintiffs' 5AC—all of which require Plaintiffs to show that its trade dress is not functional—because the 5AC do not allege that the asserted trade dress is non-functional. Mot. at 6. Defendants argue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-CV-04844-DOC-JPRx                              Date: October 27, 2023

Page 5

that the 5AC "does not even conclusor[il]y state that elements of the trade dress are non-functional," much less explain *how* each element is non-functional. *Id.*

Plaintiffs make two arguments in response. First, they argue that Defendants' motion is a "thinly-veiled and improper motion reconsideration." Opp'n at 3. In their motion to dismiss Plaintiffs' 4AC, Defendants similarly argued that Plaintiffs did not adequately allege that their trade dress is non-functional. *Id.* Although the Court did not expressly rule on this argument (it dismissed Plaintiffs' trade dress claims on other grounds), Plaintiffs argue that the Court implicitly considered and rejected Defendants' functionality argument. *Id.* at 3-7. Thus, according to Plaintiffs, Defendants should be required to meet the high standard of Local Rule 7-18 that applies to motions for reconsideration. Second, Plaintiffs argue that the 5AC adequately alleges their trade dress is non-functional.

### A. Defendants need not satisfy the Local Rules' requirements for a reconsideration motion.

Courts should "not exalt form over substance and permit a party to circumvent the applicability of Local Rule [7-18] merely by avoiding the 'motion for reconsideration' label." *Lam Research Corp. v. Schunk Semiconductor*, 65 F.Supp.3d 863, 869 (N.D. Cal. 2014). That is because reconsideration is an "extraordinary remedy that is to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). These interests would be circumvented if a party could sidestep the heavy burden they would have on a reconsideration motion by disguising their request to reconsideration as a motion for something else.

The present motion to dismiss, however, is not a disguised request for the Court to reconsider its 4AC Dismissal Order. Indeed, it would make little sense for Defendants, who largely prevailed in that order, to ask the Court to reconsider it. While Defendants did raise their functionality argument when moving to dismiss the 4AC, the Court dismissed Plaintiffs' trade dress claims for a different, independently sufficient reason. It is common for courts generally and this Court specifically not to consider alternative arguments when another is sufficient to warrant dismissal. *See, e.g.*, *Tye v. Wal-Mart Stores, Inc.*, No. SA CV 15-1615-DOC-JCGx), 2016 WL 6138424, at n.4 (C.D. Cal. Apr. 26, 2016) ("Because the Court has dismissed Plaintiffs' claims for breach of warranty and unjust enrichment, the Court need not reach Defendants' argument those claims should be dismissed because Plaintiffs [lack standing]."); *Keep a Breast Foundation v. Seven*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-CV-04844-DOC-JPRx                                    Date: October 27, 2023

                                                                         Page 6

*Group, et al.*, No. 11-cv-00570 BEN (WMc), 2011 WL 3240756, at *3 (S.D. Cal. Jul. 28, 2011). When a court does not discuss and rule on an argument in an order, a subsequent motion raising the same or a similar argument is not a motion for reconsideration.

Thus, Defendants need not satisfy the high Motion for Reconsideration standard; instead, the Court will apply the normal 12(b)(6) standard to Plaintiffs' complaint.

### B. The 5AC does not adequately allege that the trade dress is non-functional.

With the proper legal standard in hand, the Court now turns to the merits: does the 5AC adequately plead that Plaintiffs' trade dress is non-functional? The answer is no.

A product feature is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) (citing *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995)). While the issue of functionality is one of fact that usually cannot be resolved on a 12(b)(6) motion, the plaintiff still must plausibly plead non-functionality. *See Puma SE v. Forever 21, Inc.*, No. CV 17-2523 PSG, 2017 WL 4771004, at *6 (C.D. Cal. Jun. 29, 2017).

Here, the 5AC's states that "size, shape, color, [and] texture" are "non-functional features" of a trade dress. 5AC ¶ 53. Then, the 5AC lists the thirteen elements of Plaintiffs' trade dress. *Id.* ¶ 54. But not all thirteen elements involve the size, shape, color, or texture of Plaintiffs' tents. For instance, the ninth element is "the two doors being placed in two opposing side panels," and the twelfth element is "the lower skirt section extending from each side panel." *Id.* Thus, the 5AC does not allege that Plaintiffs' asserted trade dress is non-functional—much less *how* each element, or combination of the elements, does not affect the price or quality of Plaintiffs' tents. *Cf. Disc Golf*, 158 F.3d at 1006. Without these allegations, Plaintiffs' claim for trade dress infringement is inadequately pled. *See Puma SE v. Forever 21, Inc., No. CV 17-2523 PSG Ex*, 2017 WL 4771004, at *6 (C.D. Cal. Jun. 29, 2017) (dismissing a claim for trade dress infringement because "the Court is persuaded by the approach of district courts that require plaintiffs to allege how a trade dress is non-functional" and plaintiff failed to sufficiently allege the element of non-functionality); *R and A Synergy LLC v. Spanx, Inc.*, No. 2:17-cv-09147-SVW-AS, 2019 WL 4390564, at *6 (C.D. Cal. May 1, 2019) (dismissing a trade dress infringement claim because plaintiff "failed to plead how its proposed trade dress is non-functional"); *Green Crush LLC v. Paradise Splash I*, Inc., No. SACV 17-01856-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-CV-04844-DOC-JPRx   Date: October 27, 2023

Page 7

CJC(JDEx); 2018 WL 4940824, at *4 (C.D. Cal. Mar. 8, 2018) (dismissing a trade dress infringement claim because plaintiff did not plead any facts to support the legal conclusion that its alleged trade dress is non-functional).

Plaintiffs have not plead sufficient factual allegations regarding its alleged trade dress. Since this deficiency could possibly be cured by amendment, Plaintiff's trade dress infringement cause of action is dismissed without prejudice.

## IV. Disposition

For the foregoing reasons, the Court **GRANTS** Defendants' Motion, and **DISMISSES WITHOUT PREJUDICE** the first three causes of action in the 5AC. Plaintiffs are directed to file a sixth amended complaint within ten days of docketing of this order. Failure to timely submit an amended complaint risks dismissal of this action.

The hearing in this matter scheduled for November 6, 2023, is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                Initials of Deputy Clerk: kdu

CIVIL-GEN