**FORTIS LLP**
Sang Dang, Esq. (SBN 214558)
Salvatore Picariello, Esq. (SBN 190442)
650 Town Center Drive, Suite 1530
Costa Mesa, CA 92626
Telephone: 714-839-3800
Facsimile: 714-795-2994
Email: sdang@fortislaw.com
        spicariello@fortislaw.com
*Attorneys for Plaintiffs Alvantor Industry Co., Ltd.*
*and Ningbo Leedor Industry Co., Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVANTOR INDUSTRY CO., LTD. and NINGBO LEEDOR INDUSTRY CO., LTD. | Case No: 2:22-cv-04844-DOC-JPR |
| | [Hon. David O. Carter] |
| Plaintiffs, | **PLAINTIFF ALVANTOR INDUSTRY CO., LTD.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORTIIES IN SUPPORT THEREOF** |
| v. | |
| SHENZHEN JORDA TRADING CO., LTD., DBA ELEVENS, PEX FIX, ET AL., SHENZHEN 703, AKA, SHENZHEN QILINGSAN NETWORK TECHNOLOGY CO., LTD., NEUTYPE, AND MIRUO MIRROR, INC., | [Filed concurrently with Declarations of Sang Dang, Salvatore Picariello, and Paul Shankman, and (Proposed) Order] |
| | **Motion for Default Judgment Granted on April 12, 2024 [Dkt. 89]** |
| Defendants. | No Hearing Requested |

**PLEASE TAKE NOTICE** that Plaintiff Alvantor Industry Co., Ltd. ("Alvantor") will and hereby does move for the Court for an Order entering an award of attorneys' fees in the sum of $99,967.50 to Alvantor and against Defendants Shenzhen Jorda Trading Co., Ltd., dba Elevens, Pex Fix, et al., Shenzhen 703, aka, Shenzhen Qilingsan Network Technology Co., Ltd., Neutype, and Miruo Mirror, Inc. (collectively, "Defendants").

On April 12, 2024, this Court entered an Order Granting Plaintiffs' Motion for Default Judgment. (Dkt. 89.) In doing so, the Court allowed Alvantor to file a subsequent motion for attorneys' fees pursuant to L.R. 54-7 and L.R. 55-3. (*Id.* at p. 12.)

This Motion is based on the grounds that Alvantor prevailed in this case by obtaining a default judgment against Defendants. Thus, Alvantor is entitled to its reasonable attorneys' fees under the Copyright Act, 17 U.S.C. § 505. Alvantor is also entitled to its reasonable attorneys' fees relating to its Lanham Act claims pursuant to 15 U.S.C. § 1117, which entitles the prevailing party to its attorneys' fees in exceptional cases. This case plainly qualifies as exceptional in light of the substantive strength of Alvantor's claims and the oppressive, vexatious, dishonest, and harassing manner in which Defendants defended against Alvantor's claims.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed declarations of Sang Dang, Salvatore Picariello, and Paul Shankman, and all exhibits thereto; and the complete files and records in this action; matters that may be judicially noticed; and any oral or documentary evidence that may be presented at or before the hearing on this matter, if requested by the Court.

Alvantor has provided notice of this Motion to the last known email addresses available for Defendants. Alvantor is unable to hold a meet-and-confer with counsel pursuant to L.R. 7-3, as Defendants are not represented by

1  counsel.

2

3   Dated: April 22, 2024                    FORTIS LLP

4                                            By: */s/ Sang Dang*
5                                            Sang Dang (SBN 214558)
                                             sdang@fortislaw.com
6                                            650 Town Center Drive, Suite 1530
7                                            Costa Mesa, CA 92626
                                             Tel: (714) 839-3800
8                                            *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ALVANTOR'S MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT .......................................... 1

II.   BACKGROUND ..................................................................................................... 2

III.  THIS COURT SHOULD AWARD ALVANTOR ITS REASONABLE
      ATTORNEYS' FEES ............................................................................................. 3

      A.    Alvantor Is Entitled to Its Fees Under the Copyright Act. ............................ 3

            1.    Alvantor is the Prevailing Party Under the Copyright Act. ................ 3

            2.    Alvantor Meets the Discretionary Tests for an Award of
                  Attorneys' Fees Under the Copyright Act. ............................................ 4

      B.    Alvantor Is Entitled to Its Fees Under the Lanham Act. ................................ 6

            1.    The Lanham Act's Standard for Awarding Attorneys' Fees. .............. 6

            2.    Alvantor's Trade Dress Claim Is Exceptional. ................................... 7

      C.    The Requested Attorneys' Fees are Reasonable. ........................................... 9

            1.    The Requested Hourly Rates Are Reasonable. ................................... 10

            2.    Alvantor's Hours Expended Are Reasonable. .................................... 11

IV.   CONCLUSION ..................................................................................................... 14

PLAINTIFF ALVANTOR'S MOTION FOR ATTORNEYS' FEES

## CASES

*Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) ..................................... 9

*Blum v. Stenson*, 465 U.S. 886, 895, n. 11 (1984) ......................................................... 10, 11

*Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, 2009 U.S. Dist. LEXIS 4005, at *9 (C.D. Cal. Jan. 20, 2009).................................................................................................. 6

*Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980 (9th Cir. 2008)................................. 10

*Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028-29 (9th Cir. 2000) ............................ 9

*Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1260 (9th Cir. 2001) ................. 8

*Cognex Corp. v. Microscan Sys., Inc.*, 2014 U.S. Dist. LEXIS 91203, at *11 (S.D.N.Y. June 30, 2014)..................................................................................................................... 9

*Dig. Reg of Tex., LLC v. Adobe Sys. Inc.*, 2015 WL 1026226, at *9 (N.D. Cal. Mar. 9, 2015)........................................................................................................................................ 8

*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) ........................................ 11

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, fn. 19 (1994) ............................................. 4, 7

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). 3, 6

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) ............................................................. 9, 11

*Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996).......................................... 4

*Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).................................................... 10

*Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999) ........... 8

*Jackson v. Gaspar*, 2022 U.S. Dist. LEXIS 110670, at *22-23 (C.D. Cal. Feb. 24, 2022)……..................................................................................................................... 2, 13

*Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1104 (N.D. Cal. 2003)....................................... 3, 5

*JUUL Labs, Inc. v. Chou*, 676 F.Supp.3d 827, 849 (C.D. Cal. 2023)................................... 8

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975).................................. 9

*Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010) .................................. 8

*McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir. 1987) ................................ 3

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)................................. 10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014) ........ 6, 7, 8

*Perdue v. Kenny A.*, 559 U.S. 542, 553, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) .......... 9

*Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *45-46 (C.D. Cal. Mar. 24, 2015) ..................................................................................................................... 11

*San Diego Comic Convention v. Dan Farr Prods.*, 2018 U.S. Dist. LEXIS 143809, at *16 (S.D. Cal. Aug. 23, 2018) ............................................................................. 8

*Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) ........................................... 4

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) ....... 7, 8

*Twentieth Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1074-75 (D. Ariz. 2006) ................................................................................................ 5

*United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990) ................ 9

*Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002) ............................................ 10

### Statutes

15 U.S.C. § 1117 .................................................................................... 1, 2, 6

17 U.S.C. § 505 ...................................................................................... 1, 2, 3

### Rules

Local Rule 54-7 ......................................................................................... 1, 2

Local Rule 55-3 ......................................................................................... 1, 2

Local Rule 83-2.2.2 ......................................................................................... 2

PLAINTIFF ALVANTOR'S MOTION FOR ATTORNEYS' FEES

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Alvantor submits this memorandum in support of its Motion for Attorneys' Fees (the "Motion") pursuant to L.R. 54-7, L.R. 55-3, 17 U.S.C. § 505, 15 U.S.C. § 1117, and this Court's Order granting Plaintiffs' motion for entry of default judgment. (Dkt. 89.) This matter is suitable for disposition without hearing. Alvantor seeks the sum of $99,967.50, for attorneys' fees it has incurred in successfully prosecuting its claims for copyright and trade dress infringement.

Alvantor's request for attorneys' fees under the Copyright Act is warranted simply by virtue of having prevailed on this claim. It also meets the discretionary test for an award of fees under the Copyright Act. In addition, Alvantor's trade dress claim is "exceptional" for two reasons: (1) this Court has already found that Defendants' infringement was willful and malicious (Dkt. 89 at p.10); and (2) the unreasonable manner in which Defendants litigated this action, which wasted this Court's time and Alvantor's resources.

As noted below and in the concurrently filed declarations, the hourly rates of Alvantor's counsel - $450 to $475 per hour – are in line with the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Moreover, the hours expended by Alvantor's attorneys are also reasonable. Among other things, Alvantor has entirely eliminated several categories of tasks from consideration in this Motion, including but not limited to, billable entries related solely to Plaintiffs' IIPEA tort claim, third-party discovery on Amazon (which was in furtherance of the IIPEA claim), and tasks related to Messrs. Dang's and Picariello's transition when replacing Mr. Shankman as day-to-day counsel. These and other "Non-Reimbursable Hours" total $73,525.00 in write-offs.

Alvantor has also apportioned the fees it is requesting in this Motion when a particular billing entry involves both covered (i.e., time spent on Alvantor's

copyright or trademark claims) and non-covered time (i.e., time spent on Alvantor's IIPEA claim). Based on Messrs. Dang's and Picariello's experience and review of these "mixed" entries, and the fact that the IIPEA claim constitutes just one of five causes of action, Alvantor request that Court not impose more than a 30% discount to these "mixed" entries. See *Jackson v. Gaspar*, 2022 U.S. Dist. LEXIS 110670, at *22-23 (C.D. Cal. Feb. 24, 2022) (DOC) (reducing lodestar by 30% to account for the non-Lanham Act claims plaintiff pursued because "the total amount of work done in litigation is not perfectly scalable with the claims brought"). Finally, there are a number of entries that were unrelated to Alvantor's and Leedor's IIPEA, and for which Alvantor seeks full reimbursement.

For these and other reasons set forth below, Alvantor respectfully requests that the Court award Alvantor attorneys' fees in the amount $99,967.50.

## II. BACKGROUND

Plaintiffs filed their Sixth Amended Complaint on November 6, 2023. (Dkt. 75.) Alvantor alleged that Defendants engaged in unfair competition and trade dress infringement through their unauthorized copying of Alvantor's trade dress elements in its portable gazebo-style tents. Defendants also committed copyright infringement through their unauthorized copying of Alvantor's lengthy and detailed copyright-protected Descriptions. Plaintiffs Alvantor and Leedor further alleged Defendants intentionally interfered with Plaintiffs' prospective economic advantage by repeatedly submitted false infringement reports and complaints to Amazon against certain product listings by Alvantor and Leedor.

On November 20, 2023, Defendants filed their Answer to the SAC. (Dkt. 76.) Subsequently, however, defense counsel moved for an Order to be relieved as counsel or record for Defendants. (Dkt. 79.) This Court granted the motion on February 5, 2024. (Dkt. 83.) In doing so, the Court informed Defendants that, "[u]nder Local Rule 83-2.2.2, defendants, as corporate entities, cannot proceed, pro se." (*Id.*) The Court ordered Defendants to retain new counsel, and for new counsel

1  to enter an appearance, no later than February 29, 2024. (*Id.*)

2         Because Defendants had failed to procure counsel and enter an appearance by

3  February 29, 2024, Plaintiffs promptly moved for an Order striking Defendants'

4  Answer to the SAC and directing the Clerk to enter default. On March 6, 2024, this

5  Court granted Plaintiffs' motion to strike and directed the clerk to enter default.

6  (Dkt. 85.) The Clerk entered default against Defendant on March 7, 2024. (Dkt. 86).

7  On April 12, 2024, the Court granted Plaintiffs' motion for entry of default

8  judgment. (Dkt. 89.) In doing so, the Court found, *inter alia*, that Defendants'

9  infringement was willful and malicious (Dkt. 89 at p.10).

10  **III.  THIS COURT SHOULD AWARD ALVANTOR ITS REASONABLE ATTORNEYS' FEES**

11     **A. Alvantor Is Entitled to Its Fees Under the Copyright Act.**

12

13        *1.  Alvantor is the Prevailing Party Under the Copyright Act.*

14        The Copyright Act authorizes district courts to award attorneys' fees to the

15  prevailing party in a copyright action. 17 U.S.C. § 505 ("Except as otherwise provided

16  by this title, the court may also award a reasonable attorney's fee to the prevailing

17  party as part of the costs"). "Plaintiffs in copyright actions may be awarded attorneys'

18  fees simply by virtue of prevailing in the action: no other precondition need be met,

19  although the fee award must be reasonable." *Frank Music Corp. v. Metro-Goldwyn-*

20  *Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). *See also McCulloch v. Albert E.*

21  *Price, Inc.*, 823 F.2d 316, 323 (9th Cir. 1987) (attorneys' fees generally awarded to

22  prevailing plaintiff in copyright cases). Because the Court has entered default

23  judgment against Defendants, Alvantor is the prevailing party and entitled to fees.

24  *Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1104 (N.D. Cal. 2003) ("Here, plaintiff's

25  success is complete and unquestioned: a default judgment against defendant and an

26  award of statutory damages.").[1]

27  _____

28  [1] Alvantor has also established it uses the copyrighted materials at issue pursuant to
        (footnote continued)

### 2. *Alvantor Meets the Discretionary Tests for an Award of Attorneys' Fees Under the Copyright Act.*

While "[t]here is no precise rule or formula" for determining when a court should award attorneys' fees, the following nonexclusive factors should be considered: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, fn. 19 (1994).

The Ninth Circuit has adopted five nonexclusive factors to be considered in awarding attorneys' fees in copyright cases: "(1) the degree of success obtained, (2) frivolousness, (3) motivation, objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996). Exceptional circumstances are not a prerequisite to an award of attorneys' fees in a copyright action. *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). Alvantor respectfully submits that the above factors weigh in favor of an award of fees.

### a. *Success Obtained.*

In this case, there can be no doubt that Alvantor has attained complete success. Alvantor has obtained a default judgment against Defendants, and this Court has found that Defendants' copyright infringement was willful and malicious. [Dkt. 89]. This factor weighs in favor of an award of attorneys' fees.

### b. *Frivolousness.*

Alvantor's copyright claim had substantial merit. Alvantor incurs considerable expense and effort to create Descriptions, which are the subject of the

---

an exclusive licensing agreement with its president, Ellen Xu, who is the owner of the "'135 Registration" and the "'004 Registration" (SAC ¶ 28), and that this licensing agreement provides Alvantor with the rights to enforce the copyrights and bring actions regarding the infringement thereof. (*Id.* ¶ 29.)

-4-

copyrights at issue. (SAC ¶¶ 26-29). Alvantor also established that, without
authorization, Defendants used product descriptions on their Amazon listings that
are substantially similar to and in some portions nearly word-for-word identical to
the description portion of the Alvantor's Descriptions. (*Id.* ¶ 30.) This case resulted
in the successful prosecution of an obvious infringement of Alvantor's
Descriptions. *Jackson*, 255 F.Supp.2d at 1104 ("Plaintiff's claims clearly cannot be
characterized as frivolous, but were brought rather to vindicate the goas of the
Copyright Act: the promotion of original musical works for the benefit of the
public."). Alvantor brought this claim to protect its business. Thus, this factor
weighs in favor of an award of attorneys' fees.

          *c.*     *Motivation.*

       Alvantor's motivation in this case was to protect its copyrights, and
therefore further the goals of the Copyright Act. Alvantor should be awarded
its fees incurred in enforcing its copyrights and protecting its business.
Alvantor's Descriptions for its tent products are part of the distinctive "look
and feel" relating to presentation, marketing, advertising, and description of its
products. These Descriptions and associated trade dress and branding are
strongly recognized in the industry as a source identifier for Alvantor. Thus,
copyright protection is critical for Alvantor to preserve its business. *Twentieth
Century Fox Film Corp. v. Streeter*, 438 F.Supp.2d 1065, 1074-75 (D. Ariz.
2006) ("In this case, Film Corp. presented a set of facts that establish copyright
infringement. Film Corp.'s motivation in pursuing this litigation is to protect
its copyrights which is one of the objectives of the Copyright Act.").
Accordingly, this factor weighs in favor of an award of attorneys' fees.

          *d.*     *Objective Reasonableness.*

       Alvantor's claims, both legal and factual, were objectively reasonable
and resulted in a favorable judgment. This factor weighs in favor of an award.

PLAINTIFF ALVANTOR'S MOTION FOR ATTORNEYS' FEES

*e.*      *Compensation and Deterrence.*

Awarding attorneys' fees to prevailing plaintiffs serve the purpose of the Copyright Act of "encouraging private enforcement and deterring infringements*." Frank Music Corp.*, 886 F.2d at 1556; *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, 2009 U.S. Dist. LEXIS 4005, at *9 (C.D. Cal. Jan. 20, 2009) ("A fee award in this case of willful infringement furthers the goal of the Copyright Act to serve "the purpose of encouraging private enforcement and deterring infringements.")

In this case, an award of attorneys' fees to Alvantor would further this settled goal of the Copyright Act. A significant deterrent to copyright infringement is not merely potential lost profits or statutory damages, but also the specter of being responsible for a plaintiff's attorneys' fees. Without such an award, potential infringers may come to believe that they can make litigation too expensive for copyright owners to protect their rights. The purpose of the Copyright Act is to deter such calculation.

Because Alvantor has prevailed on its claims of copyright infringement, and all discretionary factors weigh in favor of awarding Alvantor its requested fees, Alvantor respectfully requests that this Court award Alvantor its reasonable attorneys' fees.

**B.      Alvantor Is Entitled to Its Fees Under the Lanham Act.**

*1.      The Lanham Act's Standard for Awarding Attorneys' Fees.*

Under the Lanham Act, attorney's fees are available only to the prevailing party in "exceptional cases." 15 U.S.C. § 1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party"). Historically, for a case to be "exceptional," the Ninth Circuit has required that the plaintiff show that the defendant engaged in "malicious, fraudulent, deliberate or willful infringement." *See, e.g., Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993). However, in *Octane Fitness*, the Supreme Court held that an analogous

standard under the Patent Act was "unduly rigid, and it impermissibly encumbers the statutory grant of discretion to district courts." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014).

The Supreme Court thus clarified that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. at 554. The Court further articulated that an "exceptional" case is one that "stands out from others with respect to the substantive strength of the party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. While there is "no precise rule or formula for making these determinations," the following non-exclusive factors may be considered: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 554, n. 7.

The Ninth Circuit has held that "district courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional, . . . exercising equitable discretion in light of the nonexclusive factors identified in Octane Fitness and Fogerty and using a preponderance of the evidence standard." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc). This case stands well outside the ordinary, thus entitling Alvantor, the prevailing party, to reimbursement of its attorneys' fees because: (1) Alvantor's claims were remarkably strong based on the relevant facts and law; and/or (2) Defendants litigated this case in an unreasonable and vexatious manner.

### 2. *Alvantor's Trade Dress Claim Is Exceptional.*

Alvantor clearly defined its trade dress in the SAC, and described how it is non-functional. SAC ¶ 54. Alvantor also alleged that other retailers sell bubble tents that compete with Alvantor's tents, but do not infringe Alvantor's trade dress. *Id.* ¶¶

55-60. The existence of alternative, non-infringing designs is strong evidence that Alvantor's trade dress is non-functional. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1260 (9th Cir. 2001). In granting Plaintiffs' motion for entry of default judgment, the Court found "Plaintiffs have provided evidence that Defendants' conduct and infringement was willful and malicious." (Dkt. 89, at p. 10.) The Ninth Circuit has held that "[a] trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010). Thus, Alvantor is entitled to its reasonable attorneys' fees. *JUUL Labs, Inc. v. Chou*, 676 F.Supp.3d 827, 849 (C.D. Cal. 2023).

"A case may be exceptional based on the unreasonable manner in which it was litigated." *Dig. Reg of Tex., LLC v. Adobe Sys. Inc.*, 2015 WL 1026226, at *9 (N.D. Cal. Mar. 9, 2015) (quoting *Octane Fitness*, 572 U.S. at 442). Conduct need not rise to the level of sanctionable to be considered unreasonable. *Octane Fitness*, 572 U.S. at 555. Motivation is also a factor when determining whether a case is exceptional under the Lanham Act. *SunEarth*, 839 F.3d at 1181. Here, Defendants abandoned their defense of this action shortly after having filed their Answer, which is evidence of the lack of merit of their position. Worse yet, before abandoning their defense and failing to obtain counsel, Defendants wasted this Court's time and Alvantor's resources by repeatedly attacking Alvantor's pleadings, even though Defendants had no intention of presenting a substantive defense to Alvantor's claims. Such litigation conduct is exceptional and warrants the imposition of attorneys' fees. *See, e.g., San Diego Comic Convention v. Dan Farr Prods.*, 2018 U.S. Dist. LEXIS 143809, at *16 (S.D. Cal. Aug. 23, 2018) ("[T]he hallmark of a case that has been litigated in an unreasonable manner is one that involves 'wasteful procedural maneuvers or dilatory tactics.'") (citation omitted); *see also Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999) (exceptional circumstances can be found when the non-prevailing party's case "is groundless,

unreasonable, vexatious, or pursued in bad faith."); *Cognex Corp. v. Microscan Sys., Inc.*, 2014 U.S. Dist. LEXIS 91203, at *11 (S.D.N.Y. June 30, 2014) (finding patent case exceptional and awarding attorneys' fees where defendants engaged in "unreasonable litigation tactics that have wasted the Court's time and have required plaintiffs to expend significant resources").

### C.    The Requested Attorneys' Fees are Reasonable.

The "reasonableness" of attorney's fees is determined by the "lodestar" method. "When it sets a fee, the Court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court also considers the "results obtained by the prevailing litigant," including whether the plaintiff prevailed on only some claims and the nature and extent of the relief awarded. *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028-29 (9th Cir. 2000).

"'There is a strong presumption' that the lodestar calculation 'is a reasonable fee.'" *United Steelworkers v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622*; see also Perdue v. Kenny A.*, 559 U.S. 542, 553, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) (noting that the lodestar figure includes "most if not all of the relevant factors constituting a reasonable attorney's fee). "[In] appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Intel*, 6 F.3d at 622. Those factors are as follows:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service

-9-

properly, (4) the preclusion of other employment by the attorney due
to acceptance of the case, (5) the customary fee, (6) whether the fee is
fixed or contingent, (7) time limitations imposed by the client or the
circumstances, (8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys, (10) the
'undesirability' of the case, (11) the nature and length of the
professional relationship with the client, and (12) awards in similar
cases.

*Id*.

### 1.    The Requested Hourly Rates Are Reasonable.

In determining whether an hourly rate is reasonable, the Court considers the
"prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886,
895, n. 11 (1984). Courts also consider the experience, skill, and reputation of the
attorney requesting fees. *See Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir.
2002). The fee applicant bears the burden of showing that the rates requested are
reasonable. *See Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 980 (9th Cir. 2008)
("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing
fees in the community . . . are satisfactory evidence of the prevailing market rate.")
Additionally, the Court may also use its "own knowledge of customary rates and
their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647
F.3d 925, 928 (9th Cir. 2011). The Ninth Circuit has ruled that "by and large, the
court should defer to the winning lawyer's professional judgment as to how much
time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d
1106, 1112 (9th Cir. 2008).

Here, Alvantor requests $475.00 per hour for the work completed by Messrs.
Dang and Picariello, and $450.00 per hour for the work completed by Mr.
Shankman. As set forth in more detail in their respective declarations, Mr. Dang
specializes in intellectual property litigation, an area in which he has practiced since

1998. Mr. Picariello has been in private practice since 1998. Mr. Picariello is a general commercial litigator, whose practice includes, among other things, unfair competition, business torts, and intellectual property. Finally, Mr. Shankman has practiced for nearly 40 years. Mr. Shankman primarily practices in bankruptcy court, where he has litigated numerous commercial disputes. He has also litigated several intellectual property disputes, including two other matters for Alvantor.

These hourly rates are in line with the hourly rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984). For example, in *Sigma Enters. v. Alluring Deals, LLC*, 2017 U.S. Dist. LEXIS 223185, at *29 (C.D. Cal. Nov. 15, 2017) (DOC), this Court approved partner rates of $425 to $585 per hour, and an of counsel rate of $445. In doing so, the Court relied on*, inter alia*, *Perfect 10, Inc. v. Giganews, Inc.*, 2015 U.S. Dist. LEXIS 54063, at *45-46 (C.D. Cal. Mar. 24, 2015), *aff'd* 847 F.3d 657 (9th Cir. 2017) (finding the following rates reasonable in a copyright infringement action: $705 per hour for a partner with seventeen years' experience; $375-$560 per hour for an associate with five years' experience; $360 per hour for an associate with one year experience; $285 an hour for a paralegal).

2.    *Alvantor's Hours Expended Are Reasonable.*

"Although it is true that the fee applicant bears the burden of submitting 'evidence supporting the hours worked and rates claimed,' the Supreme Court has also stated that plaintiff's counsel 'is not required to record in great detail how each minute of his time was expended.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 433, 437 n.12.) Rather, a plaintiff can satisfy its burden (albeit barely) "by simply listing [its] hours and 'identifying the general subject matter of [its] time expenditures.'" *Id.* (citation omitted). "Fee requests can be based on 'reconstructed records developed by reference to litigation files." *Id.* (quotation omitted).

Preliminarily, Alvantor has taken several steps to remove several categories of tasks from consideration, as they do not involve time spent on its copyright or trademark claims. Specifically, Alvantor does not seek reimbursement of fees related solely to: (1) Alvantor's and Leedor's IIPEA claim (including, but not limited to, the motion for leave to file a Fourth Amended Complaint to add IIPEA claim and join Leedor as a Plaintiff; (2) third-party discovery on Amazon.com, which relates to Alvantor's and Leedor's IIPEA claim; (3) the preparation of the Rule 11 motion Plaintiffs had served on Defendants; and (4) time entries related to Messrs. Dang's and Picariello's transition when replacing Mr. Shankman as the day-to-day counsel in this matter.[2] All of the billing entries for which Alvantor is not seeking reimbursement (*i.e.*, "Non-Reimbursable Hours") are attached to the Dang Declaration as <u>Exhibit 1</u> and highlighted in red.

Alvantor has also apportioned the fees it is requesting in this Motion when a particular billing entry involves both covered (i.e., time spent on Alvantor's copyright or trademark claims) and non-covered time (i.e., time spent on Alvantor's IIPEA

---

[2] There is a combined total of 16.20 hours of "No Charge" entries for Messrs. Dang and Picariello (or $7,695 in write-offs), which are primarily attributable to tasks during the transition from Mr. Shankman to Messrs. Dang and Picariello. Fortis never charged Alvantor for these non-billable entries, but it included them for informational purposes. These "No Charge" entries are highlighted in red on <u>Exhibit 1</u> to the Dang Declaration. There is also second type of Non-Reimbursable Hours highlighted in red on <u>Exhibit 1</u>; namely, tasks that were billed to Alvantor, but for which Alvantor is not seeking reimbursement in this Motion for Attorneys' Fees (*e.g.*, fees related solely to the IIPEA claim). For this second type of Non-Reimbursable Hours, there is a combined total of 80.8 hours of entries by Messrs. Dang and Picariello (or $38,380.00) that Fortis had billed to Alvantor. Thus, a combined total of 97 Non-Reimbursable Hours (or $46,075) of Messrs. Dang's and Picariello's entries are not included in this Motion.

As for Mr. Shankman, the invoices show he included 61 hours of "No Charge" entries (or $27,450.00 in write-offs), which were never charged to Alvantor. These entries are also highlighted in red on <u>Exhibit 1</u> to the Dang Declaration, and these entries are not the subject of Alvantor's Motion.

-12-

claim). These "mixed" entries include, but are not limited to, the following: (1) the
Court-ordered expedited written discovery and depositions; (2) opposing Defendants'
motion to dismiss the Fourth Amended Complaint; (3) tasks related to Defendants'
counsel's motion to withdraw, and Plaintiffs' subsequent motion to strike Defendants'
answer and direct the clerk to enter default; and (4) Plaintiffs' motion for entry of
default judgment and a permanent injunction. Based on Messrs. Dang's and Picariello's
experience and review of these "mixed" entries, and the fact that the IIPEA claim
constitutes just one of five causes of action, they believe it is reasonable for these
"mixed" entries to be discounted by 30%. *See Jackson*, 2022 U.S. Dist. LEXIS 110670,
at *22-23 (reducing lodestar by 30% to account for the non-Lanham Act claims
plaintiff pursued because "the total amount of work done in litigation is not perfectly
scalable with the claims brought"). All of the discounted billing entries for which
Alvantor is seeking partial reimbursement are attached to the Dang Declaration as
Exhibit 1 and highlighted in yellow.

Finally, there are a number of entries that were unrelated to Alvantor's and
Leedor's IIPEA claim. Accordingly, these entries are not discounted. All of the non-
discounted billing entries for which Alvantor is seeking full reimbursement are attached
to the Dang Declaration as Exhibit 1 and highlighted in green.

The resulting breakdown of attorneys' fees through the entry of default judgment
on April 12, 2024, is as follows:

Sang Dang (between May 22, 2023 and April 12, 2024):

- Non-discounted hours (32.20), which totals $15,295.00;
- Discounted hours (71.1 * $475/hr. * 0.7), which totals $23,640.75; and
- Non-Reimbursable Hours (32.80 hours). Dang Decl. ¶ 9.

Salvatore Picariello (between May 19, 2023 and April 12, 2024):

- Non-discounted hours (10.2), which totals $4,845.00;
- Discounted hours (60.45 * $475/hr. *0.7), which totals $20,099.25;
- Non-Reimbursable Hours (64.20). Picariello Decl. ¶ 9.

<u>Paul R. Shankman (between July 6, 2022 and May 17, 2023)</u>:

- Non-discounted hours (67.00), which totals $30,150.00;
- Non-Reimbursable Hours (61.00).[3] Shankman Decl. ¶ 9.

Total through April 12, 2024: $94,030.00.

Total for preparation of Motion for Attorneys' Fees: 12.50 hours, which totals $5,937.50. Dang Decl. ¶ 10; Picariello Decl. 10.

**Grand Total: $99,967.50**.

Alvantor respectfully submits that no further adjustments to the lodestar are warranted under the circumstances, especially given Alvantor's success and Defendants' improper litigation tactics.

## IV.    CONCLUSION

For the foregoing reasons, Alvantor respectfully requests this Court award $99,967.50 in attorneys' fees and enter judgment against Defendants jointly and severally.

Dated: April 22, 2024                FORTIS LLP

By: */s/ Sang Dang*
Sang Dang (SBN 214558)
sdang@fortislaw.com
650 Town Center Drive, Suite 1530
Costa Mesa, CA 92626
Tel: (714) 839-3800
*Attorneys for Plaintiffs*

---

[3] Based on Messrs. Dang's, Picariello's and Shankman's respective hourly rates, there is a combined total of $73,525.00 of Non-Reimbursable Hours.

# CERTIFICATE OF SERVICE

I, Vanessa Parsons, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 650 Town Center Drive, Suite 1530, Costa Mesa, CA 92626. On April 22, 2024, I served the following document(s):

**PLAINTIFF ALVANTOR INDUSTRY CO., LTD.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
on the parties stated on attached service list

| | |
|---|---|
| All Defendants except Miruo Mirror Inc.:<br><br>Yiyue Xu<br>xuyiyue@gmail.com<br><br>Yiwei Gu<br>355586274@qq.com<br>ing1688@hotmail.com;<br>jordaus@163.com; and<br>chendaqi5@gmail.com<br><br><br>Defendant Miruo Mirror Inc.<br>Registered Agents Inc.,<br>1942 Broadway St., STE 314C,<br>Boulder, CO 80302 | |

☒      **BY US MAIL.** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California, addressed to the parties as set forth above.

☒      **BY E-MAIL.** By sending via e-mail, to the parties for service of the foregoing documents to the persons listed on this Service List.

☐      **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒      **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2024, at Costa Mesa, California.

/S/ VANESSA PARSONS
Vanessa Parsons