# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:22-cv-04844-DOC-JPR            Date: May 21, 2024

Title: ALVANTOR INDUSTRY CO., LTD. ET AL. v. SHENZHEN JORDA TRADING CO., LTD. ET AL.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [90]**

Before the Court is Plaintiff Alvantor Industry Co., Ltd. ("Alvantor") and Plaintiff Ningbo Leedor Industry Co., Ltd. ("Leedor") (collectively, "Plaintiffs")'s Motion for Attorneys' Fees ("Motion" or "Mot.") (Dkt. 90). The defendants in this case are Shenzhen Jorda Trading Co., Ltd. ("Jorda"), Shenzhen 703 ("703"), Neutype ("Neutype"), and Miruo Mirror, Inc. ("Miruo") (collectively, "Defendants").The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS IN PART** Plaintiff's Motion.

## I. Background and Procedural History

Plaintiff Alvantor designs portable tents and sells them online. Sixth Amended Complaint ("SAC") (Dkt. 75) ¶ 4–5. Plaintiff Alvantor began selling its goods in interstate commerce in May 2019, including on its website and on the Amazon Marketplace. *Id.* ¶ 18. In June 2022, Defendants copied Plaintiffs' products, advertisements, and descriptions, selling similar goods on the Amazon Marketplace. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-04844-DOC-JPR                                      Date: May 21, 2024

Page 2

¶¶ 29–32. In July 2023, Defendants filed Amazon complaints against Plaintiff Leedor, which resulted in Leedor products being delisted from the marketplace. *Id.* ¶ 35.

In November 2023, Plaintiffs filed their Sixth Amended Complaint, which Defendants answered, *see* Answer to Amended Complaint (Dkt. 76). Defendants' counsel subsequently moved to be relieved as counsel on record for Defendants (Dkt. 79) and was relieved on February 5, 2024. (Dkt. 83). At the time, Defendants were informed that they, as corporate entities, could not proceed *pro se*, and were ordered to retain new counsel by February 29, 2024. *Id.* Defendants did not procure counsel, after which Plaintiffs promptly moved to strike Defendants' Answer to the SAC (Dkt. 84). Plaintiffs' motion was granted, and default was entered against Defendants on March 7, 2024. *See* Default By Clerk (Dkt. 86).

On April 1, 2024, the Plaintiffs filed a Motion for Default Judgment (Dkt. 88), which was granted on April 12, 2024. Order Granting Default (Dkt. 89). This Court found Plaintiffs provided evidence that Defendants' conduct and infringement was willful and malicious. *See id.* at 10. Defendants were held jointly and severally liable in the total amount of $910,399.88. *See id.* at 12. This figure represents the following:

1. Actual and compensatory damages for Plaintiffs' trade dress and copyright infringement claims of $93,600.00;
2. Treble damages for Plaintiffs' trade dress and copyright infringement claims of $280,800;
3. Actual and compensatory damages for IIPEA claim of $517,878.08; and
4. Costs of the action for the Motion for Default Judgment in the amount of $18,121.80.

Plaintiffs filed this Motion for Attorneys' Fees on April 22, 2024, and Defendants have not opposed.

## II. Legal Standard

For copyright infringement claims, section 505 of the Copyright Act provides that a court "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In determining if fees are appropriate, the Court must consider several "nonexclusive factors," such as (1) frivolousness; (2) the plaintiff's motivation in bringing a claim; (3) objective unreasonableness (both in the factual and in the legal components of the case); and (4) the need in particular circumstances to advance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-04844-DOC-JPR                                  Date: May 21, 2024

                                                                                                               Page 3

considerations of compensation and deterrence. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).

     For trade dress infringement claims, Section 1117(a) of the Lanham Act permits a plaintiff to recover attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). A case is exceptional where an infringement is "malicious, fraudulent, deliberate, or willful." *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1384 (9th Cir. 1984). The Supreme Court has held that an exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014). The Court cited a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

     Once a court determines that a plaintiff is entitled to fees under either statute, it must decide the amount of the fee award. The Ninth Circuit employs the lodestar method to determine a reasonable attorney's fee award. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (internal citations omitted). To determine reasonable hourly rates, the Court must look to the prevailing rate "in the community for similar work performed by attorneys of comparable skill, experience, and reputation". *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)) (internal quotation marks omitted).

### III.   Discussion

####     A.     Award of Attorneys' Fees

     Plaintiffs argue that they are entitled to fees under both the Copyright and Lanham Acts. Mot. at 2. The Court agrees.

     Plaintiffs are the prevailing parties in this case since the Court's granting of their Motion for Default Judgment (Dkt. 89) "achieved a material alteration in the legal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04844-DOC-JPR　　　　　　　　　　　　　　Date: May 21, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

relationship of the parties that is judicially sanctioned." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009). Regarding the award of attorneys' fees for a copyright infringement claim, this Court held that "there is no evidence Plaintiffs have filed frivolous claims in the past or that this claim is frivolous." *See* Order Granting Plaintiff's Motion for Default Judgment at 9. Regarding the Plaintiffs' motivation for bringing the claim and its reasonableness, Plaintiffs have demonstrated that Defendants' infringing conduct was willful. *Id.* Moreover, Defendants effectively provided no argument, and therefore, the Court cannot evaluate the reasonableness of Defendant's legal and factual arguments. *Id.* at 9. Finally, regarding the need to advance considerations of compensation and deterrence, this Court found that an award of costs serves to discourage future willful infringers of copyrighted material. *Id.* at 9–10.

Regarding the attorneys' fees for trade dress infringement, this Court has found that Plaintiffs have provided evidence that Defendants' conduct and infringement was willful and malicious. *See* Order Granting Plaintiff's Motion for Default Judgment at 10. *Id.* Accordingly, by demonstrating that the infringement was both willful and malicious, Plaintiffs' case is exceptional under *Sealy*. *See Sealy*, 743 F.2d at 1384 (holding that fees are available where infringement is willful or malicious). Similarly, the nonexclusive factors under *Octane*, including frivolousness, motivation, reasonableness of the claim, and the need to advance considerations of compensation and deterrence, are satisfied under the standard for the copyright infringement claim. *See Octane*, 572 U.S. at 545.

Therefore, the Court finds that an award of attorneys' fees is justified in this case.

　　**B.　　Reasonableness of Requested Fees**

Once the Court determines that attorneys' fees are warranted in a given case, the Court must then assess whether the amount of fees requested are reasonable. Counsel bears the burden of establishing that the number of hours expended is reasonable by submitting detailed time records justifying the hours claimed to have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The party requesting fees first must prove the hourly rate and number of hours that go into the lodestar calculation are reasonable themselves. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The amount may be reduced if the hours are duplicative, excessive, or otherwise unnecessary. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-04844-DOC-JPR                               Date: May 21, 2024
                                                                                                        Page 5

1. **Hourly Rate**

The hourly rate of counsel ranged from $450 to $475. The Court finds that these hourly rates are in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," and therefore are reasonable. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB-SHX, 2015 WL 1746484, at *29 (C.D. Cal. Mar. 24, 2015), *aff'd* 847 F.3d 657 (9th Cir. 2017) (finding the following rates reasonable in a copyright infringement action: $705 per hour for a partner with seventeen years' experience; $375–$560 per hour for an associate with five years' experience; $360 per hour for an associate with one year experience; $285 an hour for a paralegal).

2. **Number of hours**

Plaintiffs seek $99,967.50 in attorneys' fees based on 411.45 hours worked by counsel, 253.45 hours for which Plaintiffs seek reimbursement. *See* Mot. at 14. Because fees are available only for Plaintiffs' trademark and copyright claims and not for the California tort claims, Plaintiff seeks reimbursement only for hours expended on the intellectual property claims. Accordingly, Plaintiff divides the hours expended into three buckets: non-reimbursable, non-discounted, and discounted hours. *Id.*

Non-reimbursable hours are classified as those spent on tasks related solely to and in furtherance of Plaintiffs' Plaintiffs' intentional interference with prospective economic activity ("IIPEA") tort claim and other claims for which Plaintiff cannot receive fees. *See id.* at 1. Plaintiff estimates these non-reimbursable hours total $73,525.00. *Id.* Non-discounted hours are those that relate directly to Plaintiffs' trademark and copyright claims. *Id.* at 13. Discounted hours are those that relate to Plaintiffs' trademark and copyright claims and to the IIPEA claim, the latter of which is time for which Plaintiffs do not seek reimbursement. *Id.* at 12–13. These "mixed" entries have therefore been reduced by 30% to account for the relative time spent on the IIPEA claim. *Id.* at 13. The Court finds this reduction appropriate.

In its Sixth Amended Complaint, Plaintiffs asserted five separate claims. *See* SAC 15–30. However, its claims for unfair competition and trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), as well as the laws of the State of California under both state common law and California Business and Professions Code §§ 17200 and 17203 are substantially congruent under state law and the Lanham Act. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-04844-DOC-JPR                    Date: May 21, 2024
                                                  Page 6

*e.g.*, *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark, ... infringement of a common law trademark, unfair competition ... and common law unfair competition involving trademarks are the same."). Although "attorneys' fees are recoverable only for work performed in connection with claims filed under the Lanham Act," these claims have a sufficiently identical factual and legal basis such that apportionment is impossible. *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000); *see also*, *Jackson v. Gaspar*, 2022 WL 2155975, at *7 (C.D. Cal. Feb. 24, 2022).

   Because Plaintiffs' claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501, et seq is also eligible for the recovery of attorneys' fees, the only claim ineligible for recovery is the IIPEA claim. *See* 17 U.S.C. § 505 (stating that a court "may . . . award a reasonable attorney's fee to the prevailing party."). Accordingly, because Plaintiffs are eligible to recover attorneys' fees for two of its three general claims, the Court finds it appropriate to reduce the hours spent on mixed claims by 30%.

   However, the Court notes that Plaintiffs submitted several "block billing" entries. The Court notes the most substantial below:

- 7/12/22, Paul R. Shankman, 7.3 hours, $3,285, Draft: Work on draft Complaint ads. Jorda entities and legal research for causes of action to send to Kevin Goldstein to review with Client. *See* Mot. Ex. A (Dkt. 90-4) at 4.
- 7/14/22, Paul R. Shankman, 8 hours, $3,600, Draft: Work on Final Drafts of Complaint, Exhibits One through Ten, Civil Cover Sheet, Summons, Certificate of Interested Parties, and Request for Acknowledgement and Acknowledgement of Acceptance of Service by Defendants of Complaint and related filed papers today. *See id.*
- 10/14/22, Paul R. Shankman, 4.7 hours, $2115, Exchange of Communications: Receive, review, and finalize latest corrected Redline of First Amended Complaint for Final Approval and Filing for Client with Exhibits on Monday, October 17, 2022. *See id.* at 25.
- 6/19/23, Sang Dang, 4.6 hours, $2,185 (*.7 for "discounted" work), Prepare for Depositions: Prepare for the Depositions of Yiwei Gu and Yiyue Xu; review Defendants' responses to discovery requests and Defendants' document production, and select documents to use as exhibits to the depositions; review English translations of email and WeChat exchanges, and select documents to use as exhibits to the depositions; prepare rough deposition outlines. *See id.* at 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-04844-DOC-JPR                         Date: May 21, 2024
                                                       Page 7

- 6/20/23, Sang Dang, 3.7 hours, $1,757.50 (*.7 for "discounted" work), Prepare for Depositions: Prepare for the Depositions of Yiwei Gu and Yiyue Xu; review Defendants' responses to discovery requests and Defendants' document production, and select documents to use as exhibits to the depositions; review English translations of email and WeChat exchanges, and select documents to use as exhibits to the depositions; prepare rough deposition outlines. *See id.*

Those entries alone total $11,759.75 when discounted for the mixed entries. Plaintiffs also seek $5,937.50 for preparing this motion for attorneys' fees. "[B]lock billing makes it more difficult to determine how much time was spent on particular activities," and may be discounted. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

These entries all involve different tasks, which makes it difficult for the Court to determine how much time was spent on each task. Therefore, the Court applies a 20% reduction on these entries, equating to $3,539.45. *See id.* (holding that a district court may reduce block-billed hours by 20% in light of a California State Bar report concluding that block-billing may inflate counsel's time spent by 10% to 30%, and may adopt a 20% haircut as a middle range based on the report).

IV.   Disposition

For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's Motion and awards Plaintiff $96,428.05 in attorneys' fees.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                        Initials of Deputy Clerk: djl
CIVIL-GEN