**MANASSERIAN LAW, APC**
Armen Manasserian (SBN 288199)
Arya Channaveeraiah (SBN 344199)
595 E. Colorado Blvd., Suite 810
Pasadena, California 91101
Tel.: (626) 469-0500
Fax: (626) 469-0510
Email:  armen@ml-apc.com

Attorneys for Judgment Creditors,
Alvantor Industry Co., Ltd. and Ningbo Leedor
Industry Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVANTOR INDUSTRY CO., LTD. and NINGBO LEEDOR INDUSTRY CO., LTD. <br><br> Plaintiffs, <br><br> v. <br><br> SHENZHEN JORDA TRADING CO., LTD., DBA ELEVENS, PEX FIX, ET AL., SHENZHEN QILINGSAN NETWORK TECHNOLOGY CO., LTD., NEUTYPE, AND MIRUO MIRROR, INC., <br><br> Defendants. | Case No.:  2:22-cv-04844-DOC-JPR <br><br> Hon. David O. Carter <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ASSIGNMENT ORDER** <br><br> [Fed. R. Civ. P. 69; Code Civ. Proc. § 708.510, *et seq.*] <br><br> Date          September 9, 2024 <br> Time          8:30 a.m. <br> Courtroom       10A |

/ / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Judgment Creditors Alvantor Industry Co., Ltd. and Ningbo Leedor Industry Co., Ltd. seek to collect the Judgment of more than $1,000,000 that this Court has awarded against Judgment Debtors (1) Shenzhen Trading Co., Ltd., dba Elevens, Pex Fix, et al., (2) Shenzhen 703 aka Shenzhen Qilingsan Network Technology Co., Ltd. Neutype, and (2) Miruo Mirror, Inc.

Judgment Creditors are informed and believe that Judgment Debtors continue to sell products (potentially including the offending products that were the subject of this action) through various online retail channels, including those maintained by Amazon, Home Depot, Lowe's, Target, Temu, Walmart, and Wayfair. Those third-party channels make the sales, process payments, and distribute the proceeds to Judgment Debtors. Those payments are the subject of this Motion.

Under Code of Civil Procedure section 708.510, Judgment Creditors hereby request an order (1) requiring Judgment Debtors to assign to Judgment Creditors all present and future rights to earnings, payments, or proceeds owed to Judgment Debtors by Amazon, Home Depot, Lowe's, Target, Temu, Walmart and/or Wayfair, and (2) requiring Judgment Debtors to provide the Court with a monthly accounting of the prospective assigned sums, pursuant to the proposed order lodged herewith.

## II.   STATEMENT OF FACTS

**A.   Judgment**

On May 22, 2024, this Court entered a Default Judgment and Permanent Injunction in favor of Judgment Creditors and against Judgment Debtors in the amount of $892,278.08 (representing damages), $18,121.80 (representing costs of suit), and $96,428.05 (representing attorneys' fees) ("Judgment") (Dkt. 94 at 2:22-28). The Court also retained jurisdiction to enforce the permanent injunction which restrained Judgment Debtors from using Judgment Creditors' copyrighted materials, and expressly permitted post-judgment discovery "for the purpose of determining

2

compliance and enforcement of the Court's judgment and permanent judgment herein." (Dkt. 94 at 3:1-3.)

**B.    Background**

Through post-judgment investigation, Judgment Creditors have determined that Judgment Debtors own the following brands, among others: Neutype / Neutypechic and PexFix (owned by Shenzhen Jorda and/or Miruo Mirror), Elevens (owned by Shenzhen 703), and Miruo (owned by Miruo Mirror, Inc.). (Declaration of Armen Manasserian ["AM Decl."], ¶¶ 4, 5.) Judgment Creditors are informed and believe that Judgment Debtors may own many other brands. (AM Decl., ¶ 6.)

Judgment Creditors have found virtual storefronts and product pages for Judgment Debtors' brands offered for sale on various online retail websites, including the following non-exhaustive list:

1.    NeuType / Neutypechic: Amazon.com[1], HomeDepot.com[2], Lowes.com[3], Target.com[4], Temu.com[5], Walmart.com[6];

2.    PexFix: HomeDepot.com[7], Walmart.com[8];

---

[1] *See* https://www.amazon.com/stores/page/44B74011-31AF-4EDD-8964-4A730B647D8D/ (last accessed June 21, 2024).

[2] *See* https://www.homedepot.com/s/neutype?NCNI-5 (last accessed June 21, 2024).

[3] *See* https://www.lowes.com/pl/Neutype--Bathroom-mirrors-Bathroom/4294737205?refinement=29190038 (last accessed June 21, 2024).

[4] *See* https://www.target.com/b/neutypechic/-/N-q643lejad97 (last accessed June 21, 2024).

[5] *See* https://www.temu.com/neutype-full-length-floor-mirror-standing-hanging-or-leaning-against-wall-large-rectangle-bedroom-dressing-mirror-wall-mounted-aluminum-alloy-thin-frame-57-5-x14-g-601099573728811.html (last accessed June 21, 2024).

[6] *See* https://www.walmart.com/browse/0?facet=brand:Neutypechic (last accessed June 21, 2024).

[7] *See* https://www.homedepot.com/s/pexfix?NCNI-5 (last accessed June 21, 2024).

[8] *See* https://www.walmart.com/ip/PexFix-26-Saddle-Bar-Stools-Italian-Waterproof-Fabric-Set-of-2-Yellow/425567473?athbdg=L1700 (last accessed June 21, 2024).

3.  <u>Elevens</u>: Amazon.com[9]; HomeDepot.com[10], Walmart.com[11];

4.  <u>Miruo</u>: Amazon.com[12], Wayfair.com[13].

(AM Decl., ¶¶ 7-20, Exhs. 1-13.)

## III.   LEGAL ARGUMENT

### A.   The Court has authority to enter an assignment order.

As this Court previously found, money judgments are enforced by a writ of execution, "unless the court directs otherwise." *Hellmich v. Mastiff Contr.*, Case No. SA CV 14-1354 (KESx), 2017 U.S. Dist. LEXIS 229234, at *3 (C.D. Cal. Jan. 10, 2017) (Carter, J.) (citing Fed. R. Civ. P. 69). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* (quoting Fed. R. Civ. P. 69).

"Thus, a federal district court that sits in California may enforce a judgment in accordance with the laws of California." *Id.* (collecting authorities and applying Cal. Code of Civ. Proc. § 708.510).

Section 708.510(a) provides:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments . . . .

---

[9] *See* https://www.amazon.com/stores/Elevens/page/709F4344-9560-4659-B51E-B3418350D38C?ref_=ast_bln (last accessed June 21, 2024).

[10] *See* https://www.homedepot.com/s/elevens?NCNI-5 (last accessed June 21, 2024).

[11] *See* https://www.walmart.com/c/brand/elevens (last accessed June 21, 2024).

[12] *See* https://www.amazon.com/stores/MIRUO/page/7DDB6320-748A-41D9-9536-A35D08BBC71F?ref_=ast_bln (last accessed June 21, 2024).

[13] *See* https://www.wayfair.com/brand/bnd/miruo-b60731.html?rtype=12&redir=miruo (last accessed June 21, 2024).

4

Examples of assignable payment streams include, without limitation, wages, rents, commissions, royalties, payments due from a patent or copyright, and insurance policy loan values. Cal. Code Civ. Proc. § 708.510(a)(1).

Here, Judgment Creditors seek assignment of payments and proceeds due to Judgment Debtors from the above-referenced ecommerce retailers, a request that has been repeatedly granted under similar circumstances by both California federal and state courts. *See, e.g., Guangzhou Yucheng Trading Co., Ltd. v. Dbest Prods., Inc.*, Case No. 2:21-cv-04758-JVS-TDE, 2024 U.S. Dist. LEXIS 31680, at *4-5 (C.D. Cal. Feb. 23, 2024) (granting assignment order concerning Amazon proceeds against "Chinese company with no U.S. presence"); *Penson & Co., LLC v. Cloudstyle Store*, Case No. 20-cv-05174-JST, 2023 U.S. Dist. LEXIS 214680, at *4 (N.D. Cal. Nov. 28, 2023) (granting assignment order concerning Amazon seller account and remarking on "relatively low" evidentiary standard of section 708.510, which does not require admissible evidence); *SKAZZI3 Capital Ltd. v. Pathway Genomics Corp.*, Case No. 3:18-cv-00317-BEN-KSC, 2019 U.S. Dist. LEXIS 222644, at *4-7 (S.D. Cal. Dec. 18, 2019) (granting assignment order concerning payments from CVS, Meijer pharmacies, Walmart, and Amazon.com); *Capitol Indem. Corp. v. Topolewski*, Case No. 19CHCV00314, 2022 Cal. Super. LEXIS 57861, at *2 (Los Angeles Sup. Ct. Sept. 27, 2022) (granting assignment order pursuant to § 708.510 concerning proceeds from Amazon for book sales).

**B.   The applicable factors favor issuance of an assignment order.**

In determining whether to issue an assignment order under Section 708.510, courts can consider all relevant factors, including:  (1) the reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor; (2) payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support; (3) the amount remaining due on the money judgment; and (4) the amount being or to be received in satisfaction of

5

the right to payment that may be assigned.  Cal. Code Civ. Proc. § 708.510(c)(1)-(4); *see also Hellmich, supra,* 2017 U.S. Dist. LEXIS 229234, at *5 (court has broad discretion to decide whether to order an assignment).

## 1.    Reasonable Requirements of Debtor

The first factor concerns the reasonable requirements of the judgment debtor and of persons supported in whole or in part by the judgment debtor.  Cal. Code Civ. Proc. § 708.510(c)(1).  Although an assignment order is not a levy *per se*, the statute governing exemptions to levies illuminates this factor:

> In determining an exemption based upon the needs of the judgment debtor and the spouse and dependents of the judgment debtor or an exemption based upon the needs of the judgment debtor and the family of the judgment debtor, the court shall take into account all property of the judgment debtor and, to the extent the judgment debtor has a spouse and dependents or family, all property of such spouse and dependents or family, including community property and separate property of the spouse, whether or not such property is subject to enforcement of the money judgment.

Code. Civ. Proc. § 703.115.

The requested assignment order will not affect the reasonable needs of Judgment Debtors, as they are corporations and not natural persons with spouses and dependents.  Thus, the first factor favors issuance of an assignment order.

## 2.    Debtor's Payments on Other Judgments

The second factor concerns payments that the judgment debtor is required to make in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.  Cal. Code Civ. Proc. § 708.510(c)(2).  Judgment Creditors are not aware of any payments owed by Judgment Debtors on other judgments or wage assignments, partially due to the fact that Judgment Debtors chose to default in this case rather than face discovery in which similar behavior

6

leading to other judgments might have been uncovered.  (AM Decl., ¶ 21.)
Because Judgment Creditors are aware of no other judgments owed by Judgment
Debtors, the second factor also favors issuance of an assignment order.

### 3.    Amount Due on Judgment

The third factor is the amount remaining due on the money judgment.  Cal.
Code Civ. Proc. § 708.510(c)(3).  Judgment Debtors still owe more than
$1,000,000 on the Judgment, which remains wholly unsatisfied.  (AM Decl., ¶ 22;
Dkt. 94.)  Thus, the third factor also favors issuance of an assignment order.

### 4.    Amount to Be Received Under Assignment

The fourth factor is "[t]he amount being or to be received in satisfaction of
the right to payment that may be assigned."  Cal. Code Civ. Proc. § 708.510(c)(4).
Judgment Creditors are not aware of how much Judgment Debtors receive from
Amazon and the other third-party retailers on a regular basis.  However, under
Section 708.510(d), assignment orders only remain in force until the Judgment is
paid.  Since this motion only seeks to satisfy the Judgment and no more, this fourth
factor also favors issuance of an assignment order.

## C.    Policy Considerations

Public policy also favors the grant of an assignment order.  "The policy of
the law favors the enforcement of judgments.  There is no policy favoring the
concealment of the judgment debtor's assets from the creditor."  *Yolanda's, Inc. v.
Kahl & Goveia Commercial Real Estate*, 11 Cal. App. 5th 509, 515 (2017) (citing
*Troy v. Superior Court*, 186 Cal. App. 3d 1006, 1014 (1986)) (internal quotation
omitted).

Here, the requested order serves both policies.  Judgment Debtors continue
to operate their businesses while more than $1 million remains unpaid on the
Judgment.  Just as in *Guangzhou Yucheng*, Judgment Creditors very well may have
nowhere else to turn in order to satisfy the Judgment but to seek this assignment of
payments from the exact same retailers Judgment Debtors used to sell their

infringing products that damaged Judgment Creditors in the first instance. *Guangzhou Yucheng Trading Co., Ltd., supra,* 2024 U.S. Dist. LEXIS 31680, at *5. Thus, the Court should issue the requested assignment order.

## IV.   CONCLUSION

For the above reasons, Judgment Creditors respectfully request the Court issue an order (1) requiring Judgment Debtors to assign to Judgment Creditors all present and future rights to earnings, payments, or proceeds owed to Judgment Debtors by Amazon.com, Home Depot, Lowe's, Target, Temu, Walmart and/or Wayfair, until the Judgment is satisfied, and (2) requiring Judgment Debtors to provide the Court with a monthly accounting of the prospective assigned sums, pursuant to the proposed order submitted concurrently herewith.


Dated: July 15, 2024                          **MANASSERIAN LAW, APC**


By: /s/ *Armen Manasserian*
Armen Manasserian, Esq.
Attorneys for Judgment Creditors,
Alvantor Industry Co., Ltd. and Ningbo
Leedor Industry Co., Ltd.